## RHOADS et al. v. RHOADS.

No. 15463—Opinion Filed Dec. 9, 1924.

**1. Appeal and Error—Review of Evidence in Equity Case.**

This court will review the record and evidence on appeal in an equity case, but will not reverse the judgment unless it be clearly against the weight of the evidence.

**2. Judgment Sustained.**

Record examined: held, to be sufficient to support the verdict in favor of the defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pawnee County; Edwin R. McNeill, Judge.

Action by James C. Rhoads, Martha Lasiter, Jane O. Vanhoy, Wm. E. Rhoads, and Emma Birch against Harriett Rhoads, to reform a deed of conveyance and quiet title to real estate in favor of the plaintiffs and against the defendant. Judgment for defendant. Plaintiffs bring error. Affirmed.

McCollum & McCollum, for plaintiffs in error.

Prentiss E. Roe, for defendant in error.

Opinion by STEPHENSON, C. The plaintiffs are children and grandchildren of John Rhoads by a former marriage. John Rhoads after the death of his first wife married Harriett Rhoads. They lived together in Missouri for several years, where the husband was successful in business affairs until a short time before he moved with his wife to Oklahoma in the early '90's. The husband met with reverses in his business affairs which swept away all of his property, except 80 acres of land. The husband deeded the 80 acres of land which remained from the wreck to his children in equal shares.

The husband and his wife, Harriett Rhoads, then moved to what is now Pawnee county, where he engaged in farming and stock raising. It appears that both husband and wife were industrious and successful in their business affairs, and accumulated considerable property in the course of time.

One tract of land consisting of about 160 acres of land, and involved in this action, was taken by joint conveyance to John Rhoads and Harriett Rhoads, his wife. The husband accumulated considerable personal property, and other lands. The defendant and her husband leased the land in controversy for oil and gas development. Gas production was found on the land, which paid a royalty, at first, of something near seven or eight hundred dollars per month. The husband died at about the age of 96 years, in the year 1922, in Pawnee county, leaving an estate valued at about fifty or sixty thousand dollars. The defendant was about 72 years of age. The youngest and oldest children of the first marriage, who are plaintiffs in this action, were about 66 and 74 years respectively. The decedent and his second wife had been married for about 52 years.

The husband remained in active direction of his business affairs until he was 95 years of age. He directed the management of his business affairs during the last year of his life through his agents.

The purpose of this action is to reform the deed involved herein so as to make John Rhoads the sole grantee. The petition contains considerable matter in relation to this action, but we think the relief sought by the plaintiffs is summed up in the following portion of the petition:

"That the insertion of her name (Harriett Rhoads) in the said deed was without the knowledge and consent of the said John Rhoads, deceased, or if with his knowledge, same was inserted only as a matter of courtesy to his wife, and not with any intention of permitting her to claim an undivided one-half interest in said real estate along with him."

The first part of the sentence charges a mistake of fact in causing the conveyance to appear in both names. The allegation, if true, and supported by proof, is sufficient to justify the reformation of the deed. The portion of the sentence commencing with "or", bases the right for reformation on the ground that the husband made a mistake of law in permitting the conveyance to be made to the parties jointly. The latter allegation is insufficient to support an action for the reformation of the deed.

The defendant filed an answer alleging that it was the intention that the deed be

taken in the names of the husband and wife, and that she furnished from her own means the purchase price for her interest. The plaintiff's action involves the following propositions: First. the question of the sufficiency of the petition to state grounds for reformation; and, second, the sufficiency of the evidence to support judgment for reforming the deed.

The substance of the first part of the sentence quoted is that the name of Harriett Rhoads was shown as a grantee in the deed through a mistake of fact. and without the knowledge or consent of the husband. The plaintiffs offered in evidence statements of the decedent to the effect that he had purchased the land in controversy for the benefit of his children. This evidence is consistent with the deed as taken in the joint names of the husband and wife. as there was an undivided one-half interest to go to the plaintiffs through the deed. The evidence on the part of the plaintiffs and defendant showed that the marital relations between the husband and wife were pleasant, and that each party showed concern and interest for the welfare of the other. The evidence indicates that the husband and wife moved to what is now known as Pawnee county in the early days without means, and set out anew to lay up a competence for old age. It does not appear that the widow complained at the action of her husband in deeding the remaining portion of the estate to the children of the deceased, after they had met with business reverses in Missouri. She testified that she considered that he ought to be free to dispose of the property as he desired.

It appears from the record that the husband and wife were equally diligent in their efforts to accumulate property in their new field. The husband was vice president of a bank at Meramac and appeared to handle his business affairs in that degree of care usually shown by a successful business man. The proof does not show that the deed was taken in the name of the husband and wife through a mistake. So far as the record shows the deed was taken to the property according to the intentions of both parties. It would be a natural act for the title to be taken jointly under all the circumstances in this case. The business care of the deceased would indicate that he did not take the property in this manner unintentionally.

The trial judge was liberal with both sides in receiving evidence, but stated if the final hearing showed any of the testimony to be incompetent, it would be disregarded in reaching a judgment.

The mistake must be one of fact to support a judgment reforming a deed of conveyance. It must be a mistake in some material matter, which is the result of accident, or fraud. Thraves v. Greenlees, 42 Okla. 764, 142 Pac. 1021; Allen v. Elder, 76 Ga. 674, 2 A. S. R. 63; Britton v. Metropolitan L. Ins. Co., 165 N. C. 149, 80 S. E. 1072; Ann. Cas. 1915-D, page 363.

The plaintiffs did not prove a mistake of fact in naming the widow as a grantee in the deed. Nor, did the proof show that she was named as grantee through accident, or fraud: consequently, plaintiff's right to reform the deed on the ground of a mistake of fact must fall.

If the plaintiffs intended by the latter part of the sentence quoted to show that the widow was named as a grantee through a mistaken understanding as to the legal effect of so doing, it is a mistake which will not justify the reformation of the deed. A mistake of law. if there was a mistake in this respect, will not justify the court in granting the relief prayed for by the plaintiffs. The substance of the allegation in this respect is, that although the deed purported to show and was intended to show the widow to be the owner of an undivided one-half interest in the land, it was placed there merely as a matter of courtesy to the widow. The most that can be said of this allegation is that a reformation is rested in this respect on a mistake of law. The mistake of law, if any, in this case is not sufficient to entitle the plaintiffs to judgment for a reformation of the deed, so as to exclude the widow as one of the grantees. Hunt v. Rhodes, 1 Pet. 1, 7 U. S. (L. Ed.) 27; Utermehle v. Norment, 197 U. S. 40, 49 L. Ed. 655, 3 Ann. Cas. 520; Thraves v. Greenlees, supra.

The plaintiffs failed to bring themselves within the rules for reforming the deed for the following reasons: First, the allegation of the mistake of law was insufficient to support the right of reformation; and, second, the proof failed to support the allegation of mistake of facts as set forth in the petition.

It would serve no useful purpose to analyze the several questions presented by the plaintiffs in error, as their right to judgment fails on account of the foregoing conditions.

This court on appeal in an equity case will consider the entire record and weigh all the evidence, but will not reverse the judgment of the trial court unless it is clearly against the weight of the evidence.

Voris v. Robbins, 52 Okla. 671, 153 Pac. 120; Dandridge v. Dandridge, 59 Okla. 146, 158 Pac. 445.

The judgment of the trial court in favor of the defendant is in accordance with the evidence and the record.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. § 2869; (2) 34 Cyc p. 987.