**UNITED STATES FIDELITY & GUARANTY CO. v. TOWN OF COMANCHE et al.**

No. 16358—Opinion Filed April 27, 1926.

(Syllabus.)

**1. Insurance — Ambiguity of Policy—Evidence to Aid Interpretation.**

If a contract of insurance is ambiguous or uncertain, and the intention of the parties is not clearly ascertainable from the instrument itself the court may determine its proper interpretation and the construction to be placed upon it from evidence adduced at the hearing showing the circumstances under which it was made, and the subject-matter to which it relates may be considered, and with these aids, the court should so interpret the contract as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as that intention is ascertainable and lawful.

**2. Same—Construction Favoring Insured.**

The words used in a policy of insurance will be construed most strongly against the insurer where the policy is so framed as to leave room for two constructions, and if the policy of insurance is susceptible of two constructions, that one is to be adopted which is the more favorable to the assured.

**3. Same—Policy Insuring Employer Against Payment for Workmen's Compensation—Nonliability to Employer for Witness and Attorney's Fees.**

In the absence of any statute authorizing it or provision of an insurance contract providing for it, a judgment cannot be sustained in behalf of an employer against the insurance company for procuring witnesses and employing an attorney to represent the employer before the State Industrial Commission, where the insurance company is contesting the claim of an injured employee of the employer.

Appeal from District Court, Stephens County; M. W. Pugh, Judge.

Action by the Town of Comanche and W. G. Russell against the United States Fidelity & Guaranty Company, a corporation. Judgment for plaintiffs, and defendant appeals. Modified and affirmed.

Ross & Thurman, for plaintiff in error.

J. P. Speer, for defendants in error.

PHELPS, J. The United States Fidelity & Guaranty Company, plaintiff in error, issued its insurance policy covering the employees of the town of Comanche, Okla., as provided by the Workmen's Compensation Act, and while in the employ of such town W. G. Russell, in making a service connection for water, received an injury resulting in the loss of the use of one hand. Proper application was made to the State Industrial Commission, and after hearing he was awarded compensation, which was paid by the town of Comanche, to recover which suit was brought in the district court of Stephens county against plaintiff in error, the insurance carrier, by the town of Comanche, resulting in a judgment in favor of said town of Comanche, to reverse which this appeal is prosecuted.

It appears from the record that the town of Comanche operates its plant to furnish both water and electric current from the same building, under the same management, and with the same employees, and that the clause in the insurance policy sued on by defendants in error designated the employees as employees of the town's "light and power company," whereas, as a matter of fact, that part of the town's industry should have been designated as the "light and water company," and as the injured employee was, at the time of his injury, employed in the water department, it is the contention of plaintiff in error that under that provision of the policy so designating the employees it is not liable, as it had no contract of insurance covering this particular employee while thus engaged. It is the contention of the town of Comanche that the agent of the insurance company, through whom the policy was procured, well knew that the town operated both its water plant and electric light plant with the same employees, some of them being employed in one department and some in another, and frequently changed from one to the other, and that it was the intention, and so understood, that this policy should cover all of said employees, no matter in which department they were employed, and that the designation "light and power company" instead of "light and water company" was a mutual mistake on the part of both the insurance company and the town, and in its action against the insurance company it prayed for a reformation of the insurance contract and for judgment for the amount of money ordered to be paid to the injured employee by the State Industrial Commission.

There is practically no dispute as to the facts, the only question at issue being the construction of the terms of the insurance contract. All parties, even the local agent of the insurance company, testified that it was the intention, and all parties so understood, that the contract of insurance was to cover the employee who was injured in the work he was doing at the time he received

the injury, but the insurance company contends that parol evidence is not admissible to show the intention of the parties, and insists on standing on the strict letter of the written contract, citing Liverpool v. Richardson, 11 Okla. 579, 69 Pac. 936, also 11 Okla. 585, 69 Pac. 938, and other authorities, holding that where a written instrument is full, explicit, and unambiguous, it must be taken as conclusively representing the real contract between the parties and neither will be permitted in any manner to vary its terms, with which rule of law we find no fault, but it is equally well settled that where a contract is ambiguous and uncertain and the intention of the parties is clearly unascertainable from the instrument itself, the court may determine its proper interpretation and construction from the evidence adduced at the hearing showing the circumstances under which it was made, and the subject-matter to which it relates may be considered, and with these aids the contract should be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting. Prowant v. Sealy, 77 Okla. 244, 187 Pac. 235.

Section 5039, Comp. Stats. 1921, provides that:

"A contract must be so interpreted as to give effect to the mutual intention of the parties, as it existed at the time of contracting, so far as the same is ascertainable and lawful."

And section 5043 provides that:

"When through fraud, mistake, or accident, a written contract fails to express the real intention of the parties, such intention is to be regarded, and the erroneous parts of the writing disregarded."

And section 5050 provides that:

"A contract may be explained by reference to the circumstances under which it was made and the matter to which it relates."

Therefore, we conclude that the trial court committed no error in admitting the parol testimony complained of.

It is further contended by plaintiff in error that, as the policy merely covered the employees of the **"light and power company,"** a recovery could not be had because of an accident to an employee in the water department of the "light and water company," citing Friend v. Southern Insurance Co., 80 Okla. 76, 194 Pac. 204, and other cases, which lay down the correct rule, but, as we view it, they shed but little light, under the facts in this case. From all the facts in the record, we are bound to reach the conclusion that it was the intention of all parties for the insurance policy to cover the employee in the position in which Russell was working when he received the injury complained of, and it is the well-settled law of this state that if a contract of insurance is susceptible of two constructions, that one is to be adopted which is more favorable to the assured. Taylor v. Insurance Co., 25 Okla. 92, 105 Pac. 354, and numerous cases there cited.

The record further discloses that when the injured employee made application to the State Industrial Commission for compensation seven witnesses attended the hearing at the request of the town of Comanche and were each paid the sum of $15 for their attendance or expenses, and included in the judgment in behalf of the town was $105 to cover this expense, also included in this judgment was an attorney's fee of $250, which the town of Comanche alleged it was necessary to pay in order to be represented by an attorney at the hearing, and plaintiff in error insists that the trial court committed error in rendering judgment for these two items.

We are not familiar with any provision of law justifying the judgment for the expenses of the witnesses, nor for the attorney fees, but defendant in error relies upon paragraphs 1 and 3 of the insurance contract to support its judgment. They read as follows:

"To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries," etc.

"To defend, in the name and on behalf of this employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent."

An examination of these provisions of the insurance contract, in our judgment, does not justify this conclusion, and even if they did, it appears that no evidence was introduced tending to show that the fees thus paid were either necessary or reasonable, and in the absence of such showing the judgment cannot be sustained. Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac. 253; Holmes v. Kress, 100 Okla. 131, 223 Pac. 615; Holiday Oil Co. v. Smith, 100 Okla. 172, 228 Pac. 775.

The judgment of the trial court is modified by eliminating that part of the judgment including the witness fees and attorney fees, and with this modification the judgment is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 32 C. J. pp. 1148, 1149, § 259: 14 R. C. L. p. 938. (2) 32 C. J. p. 1152 § 265: 14 R. C. L. p. 926; 3 R. C. L. Supp. p. 316; 4 R. C. L. Supp. p. 931; 5 R. C. L. Supp. p. 787. (3) 36 C. J. p. 1091 § 66.