### PHILLIPS v. JOHNSON.

No. 33678.  April 18, 1950.

*217 P. 2d 520.*

646

C. W. Clift and A. E. Pearson, both of Oklahoma City, for plaintiff in error.

Suits & Fellers, Charles N. Berry, Jr., and Frank J. Wiley, all of Oklahoma City, for defendant in error.

LUTTRELL, J. Plaintiff, James M. Johnson, brought this action against a number of defendants, including John J. Eisner and C. H. Phillips, to quiet plaintiff's title to a tract of land in Oklahoma county. Defendant Mrs. C. H. Phillips, claiming to be the sole and only heir of C. H. Phillips, deceased, filed her answer and cross-petition claiming that by reason of a reservation in a mineral deed by C. H. Phillips to plaintiff, she was entitled to receive the lease bonus money and overriding royalty and rentals on a 5/320ths mineral interest in said land, conveyed to plaintiff by said deed, and praying for the recovery thereof. She alleged that after C. H. Phillips had made the deed to plaintiff containing the reservation upon which she relied, plaintiff had leased the land for a considerable bonus and an overriding royalty. Thereafter the cause was revived in her name as executrix of the estate of Carl H. Phillips, deceased, and in such capacity she adopted the answer and cross-petition theretofore filed by her. All other defendants defaulted.

For his reply and answer to the answer and cross-petition of defendant, plaintiff admitted the execution of the deed with the reservation therein contained; alleged that he, plaintiff, being then owner of the land, including the minerals, had executed a mineral deed to John J. Eisner containing the same reservation; that Eisner had deeded to Phillips by deed containing the same reservation; that plaintiff prepared the deed from Phillips to himself, including therein such reservation because he understood that it was necessary to preserve the continuity of the reser-

vation in himself, and that Phillips so understood, and that it was not the intention of Phillips to retain any right or privilege to lease the interest he conveyed, or collect any rentals or bonus therefrom, when he transferred the mineral interest to plaintiff.

The deed from Phillips to plaintiff was on a form of mineral deed, which plaintiff testified was printed for and used by him in transferring mineral interests. This form is used in the transfers of the mineral interest from plaintiff to Eisner and from Eisner to Phillips, it being stipulated that each of these deeds contained the same reservation. All recited that the grantee should have, receive, and enjoy the undivided interest in and to all rents and royalties under the terms of any lease covering said land. Then followed this reservation:

". . . except that the Grantor reserves in himself, his heirs and assigns, the sole and exclusive right to deal and contract with regard to the leasing of said lands, for oil and gas, and to retain for himself, his heirs or assigns, any and all bonus moneys pay or payable therefor or thereon."

The trial court heard oral evidence as to the intention of the parties in inserting the above-quoted reservation in Phillips' deed to plaintiff, and rendered judgment in favor of plaintiff, quieting his title against the defendant Mrs. Phillips, individually, and as executrix of the estate of her deceased husband. Defendant appeals.

Defendant apparently concedes that a reservation in a deed, to be effective, must reserve some right or interest owned or possessed by grantor in the land at the time the deed was made, since this rule is well established. Edwards v. Brusha, 18 Okla. 234, 90 P. 727; 16 Am. Jur. p. 607, §298; 26 C.J.S. p. 447, §139; 18 C. J. p. 342, §340. Defendant contends, however, that when plaintiff accepted the deed containing such reservation it thereupon became a contract between the parties, and that the plaintiff was bound there-

by, citing Atlanta, Knoxville & Northern Railway Co. v. McKinney, 124 Ga. 929, 53 S.E. 701. She further contends that the reservation, being plain and unambiguous, the mistake, if any, was a pure mistake of law, and that the court would not relieve therefrom in the absence of fraud; that extrinsic evidence to show the intent of the parties at the time the deed was made was inadmissible, and that such evidence was properly stricken by the trial court. We are unable to agree with the contentions made by defendant.

While the trial court stated in the record that all the evidence introduced by plaintiff was stricken, both parties agree that the trial court undoubtedly considered this evidence in finding, as it did, that the insertion of the reservation in said deed was due to a mutual mistake of the parties, and that it was not the intention of the parties to said deed, by the placing of said reservation therein, to invest C. H. Phillips with any right or interest in the mineral interest conveyed.

The evidence showing the intent of the parties at the time the conveyance was made was properly admitted under the pleadings, and amply sustained the judgment of the trial court. Therefrom it appears that C. H. Phillips was greatly in need of money, and was anxious to sell his interest in the minerals; that he was informed by plaintiff that any deed made by him should conform to plaintiff's deed to Eisner with the lease rights reserved; that plaintiff prepared the deed at the request of Phillips under the mistaken belief of both that it was necessary to place the reservation in the deed, and that there was no intention on the part of either party to reserve or grant to Phillips any right or interest in the mineral interest conveyed.

In Hudson v. Smith, 171 Okla. 79, 41 P. 2d 861, we considered a situation similar to the one involved in the instant case. In that case we said:

"The deed in question upon casual inspection may not appear ambiguous or uncertain in its terms, but it does become so when considered in connection with the allegations of the petition. The petition sets out that, by mistake as to the effect of the language used, the writing did not express the contract between the parties. In such cases equity will grant relief. Gross Const. Co. v. Hales et al., 37 Okla. 131, 129 P. 28, 30."

The relief which equity may grant in such case is by way of cancellation or reformation, or by enforcement of the contract in certain cases. Gross Construction Co. v. Hales, 37 Okla. 131, 129 P. 28.

The effect of the judgment here was to reform the deed by striking therefrom the reservation quoted because of mutual mistake.

Other cases holding that equity will grant relief from a contract which, by mistake of the parties as to the meaning or effect of the language used, expresses a meaning different from that agreed upon, are Whittaker v. White, 169 Okla. 336, 37 P. 2d 247, and Fitzgerald v. Terry, 190 Okla. 310, 123 P. 2d 683. In Whittaker v. White, supra, Farmers & Merchants National Bank v. Hoyt, 29 Okla. 772, 120 P. 264, and United States Fidelity & Guaranty Co. v. Town of Comanche, 114 Okla. 237, 246 P. 238, we held that in such cases extrinsic evidence was admissible to establish the real agreement between the parties. It follows that the trial court did not err in permitting the introduction of this evidence, and in considering it in arriving at the findings and conclusions upon which it based its judgment.

Affirmed.