Melva REED, Administratrix of the Estate of Ruben Reed, Deceased, Plaintiff in Error,

v.

J. R. REED, His Wife, Hettie Reed, Defendants in Error.

No. 36650.

Supreme Court of Oklahoma.

Sept. 20, 1955.

J. R. Huggins, Elk City, Arthur G. McComas, Elk City, of counsel, for plaintiff in error.

Wise & Ivester, Sayre, for defendants in error.

## PER CURIAM.

The parties will be referred to as they appeared in the trial court.

This action was tried on an amended petition alleging the plaintiff purchased the land in controversy from W. B. North. It is alleged that he paid the full consideration for the transfer but that by an error of the scrivener the name of Ruben Reed as grantee was inserted instead of that of J. R. Reed and that this mistake was not discovered until after the death of Ruben Reed. Plaintiff asks that the deed be reformed to correct the mistake and that a resulting trust be declared in his favor.

There is no substantial dispute in the testimony concerning the facts. The negotiations for this transfer were carried on by Ruben Reed and Fred Coogan, Jr., a nephew of the grantor. When they agreed on the consideration, Ruben went to his father to see if he would agree. J. R. Reed assented to the consideration asked by Coogan and the deed was prepared by Coogan and mailed to Mr. North for his signature. When it was returned to Coogan he notified Ruben Reed to bring his father to the office to execute the mineral deed on 25 acres of his land which was to be the consideration for the deed from North. This was done. Mr. Coogan then delivered the deed in question to one of the two, he believes it was Ruben Reed. It was then discovered that Ruben Reed appeared as grantee and Mr. Coogan was notified that the grantee should be J. R. Reed. Because of the time involved in securing a new deed from his uncle, Mr. Coogan then suggested that Ruben execute a quit claim deed to his father and that would "fix that". It appears that J. R. Reed was not feeling well on this day and had left the office before the discrepancy in the deed was discussed. Mr. Reed owns considerable land in this locality but lives in Texas. Ruben Reed lived in Oklahoma and also owned land in this locality. He paid the taxes on the land involved in this deed. Ruben Reed died about two years after the execution of the deed. It was stipulated that Melva Reed was the executrix of and the sole beneficiary under Ruben Reed's will, and that prior to trial the administration of the estate was closed and the executrix discharged and "that the parties now proceed against Melva Reed in her individual capacity." The trial court granted plaintiff the relief asked. Defendant appeals. There are fifteen assignments of error in the Petition in Error but the substance of these assignments is that the plaintiff failed to plead a cause of action; that the plaintiff was permitted to introduce parol evidence to contradict the deed; that the plaintiff failed to prove a cause of action; that the defendant proved a title by adverse possession.

Defendant maintains that plaintiff's petition fails to allege the mistake contained in the deed was mutual and that it was

essential that the mistake be mutual and not unilateral. It is to be noted that plaintiff alleged the mistake was that of the scrivener and that it was not discovered by him for some months after delivery. Although plaintiff might have been less reticent in his pleadings, the petition states sufficient facts to invoke the aid of a court of equity. Ambrose v. Province, 150 Okl. 120, 300 P. 758; Crabb v. Chisum, 183 Okl. 138, 80 P.2d 653; Rhoads v. Rhoads, 105 Okl. 79, 231 P. 282; Acme Brick Co. v. United States Zinc Co., 137 Okl. 212, 278 P. 1083.

■ Upon the trial plaintiff testified concerning the execution of the deed, as did Mr. Coogan. They were permitted to testify over the strenuous objections of the defendant, her contention being that they should not be permitted to vary the terms of the deed by parol evidence. This question has been decided adversely to defendant. Fabbro v. Reese, 206 Okl. 655, 246 P.2d 324.

Our attention has not been directed to any case from this jurisdiction in which a deed was reformed by changing the name of the grantee. However, the principles applicable to this situation have been enunciated by this court. Phillips v. Johnson, 202 Okl. 645, 217 P.2d 520; Crabb v. Chisum, supra. A similar factual situation was discussed in Bohanan v. Bohanan, 3 Ill.App. 502, where the court said, "A great many authorities are cited to show that a court of equity can, where the evidence is strong enough, correct mistakes in the description of land in deeds, and also in the names of grantees, but as this is so well known among lawyers and judges, we do not deem it necessary to cite them all." See also, Archer v. McClure, 166 N.C. 140, 81 S.E. 1081, Ann.Cas.1916C, 180; United States Fidelity & Guaranty Co. v. Parsons, 147 Miss. 335, 112 So. 469, 53 A.L.R. 88. The testimony is undisputed that Mr. J. R. Reed purchased this property and paid the entire consideration. The scrivener of the deed also, admitted, without contradiction, that the name of Ruben Reed was mistakenly used as grantee by him, and that Ruben Reed told him the grantee should have been his father. No other explanation is made by defendant nor is this testimony disputed. The defendant's assertion that this is, in effect, making a new contract ignores the testimony. We are convinced that the testimony is clear, unequivocal and decisive. Whittaker v. White, 169 Okl. 336, 37 P.2d 247; Higgins v. Classen, 176 Okl. 233, 55 P.2d 101; Crabb v. Chisum, supra.

■ Furthermore, the trial court did not err in declaring that Ruben Reed held title to this property in trust for J. R. Reed. The factual situation presents an almost classic example of a case in which the courts of equity will declare a trust to exist. There was no evidence suggesting that this deed was a gift or in any other manner belonged to Ruben Reed. McKenna v. Lasswell, 207 Okl. 408, 250 P.2d 208. The first paragraph of the court's syllabus in that case is adopted as the fourth paragraph of syllabus herein.

■ Defendant attempts to assert title by adverse possession. This claim is not substantiated by adequate proof. Title by prescription rests on an adverse claim for the statutory period. The testimony shows a possible adverse claim of only two years. This was not sufficient. 12 O.S.1951 § 93(4).

Finding no substantial error, the judgment is affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner JAMES H. NEASE and approved by Commissioners JEAN R. REED and J. W. CRAWFORD, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.