# HARTZELL v. HARTZELL.

No. 3257.   Opinion Filed June 23, 1914.

(141 Pac. 772.)

1.   **WITNESSES—Competency of Wife—Objections.** Where the wife, called as a witness in an action to cancel a mortgage, testified that she had joined her husband in executing it during coverture, an objection on the ground that her testimony is incompetent was not well taken.

2.   **SAME—Objections to Competency.** The wife is made an incompetent witness under section 5050, Rev. Laws 1910, in such case, unless within the exceptions named in the statute; but the objection to be available must be made on the ground of her incompetency.

3.   **SAME.** An objection on the ground that the testimony is incompetent does not raise the question of the competency of the witness.

(Syllabus by Galbraith, C.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by Myrtle Hartzell against H. F. Hartzell and M. S. Hartzell. Judgment for plaintiff, and defendant M. S. Hartzell brings error. Affirmed.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*E. J. Giddings,* for defendant in error.

Opinion by GALBRAITH, C.   Myrtle Hartzell commenced an action for divorce against her husband, H. F. Hartzell, and for a decree setting aside to her certain real estate as alimony, making M. S. Hartzell a defendant on the ground that she claimed a mortgage against the real estate, and charging that the mortgage was void, and asking that it be canceled.   H. F. Hartzell made default, and the action for divorce was tried and decree granted.   Afterwards, M. S. Hartzell filed an answer and cross-petition and asked for foreclosure of her mortgage against the real estate.   It was claimed that the real estate was the homestead of Myrtle Hartzell, and H. F. Hartzell, and that Myrtle Hartzell had been induced to join in the mortgage to M. S. Hartzell by duress, and that the same was without consideration and void. Issue was joined upon the answer and cross-petition, and a trial had to the court and a jury, and a verdict returned for the plaintiff, upon which judgment was entered canceling the mortgage, and against M. S. Hartzell for costs.   To reverse this judgment an appeal was duly perfected to this court.

Three assignments of error are made and argued in the brief:   (1) That the trial court erred in overruling the demurrer to the plaintiff's evidence; (2) erred in rendering judgment in favor of the plaintiff and against the cross-petitioner for the reason that the evidence was insufficient to support such judgment; and (3) erred in denying the motion for new trial.

It is contended by the plaintiff in error—and the record sustains this contention—that all of the evidence given at the trial relating to the fraud and duress charged as the inducing cause to the execution of the mortgage by Myrtle Hartzell was given by her, and that she, being the wife of H. F. Hartzell at the time of the execution of the mortgage, was, by the provisions of the statute, an incompetent witness and could not testify as to these facts, as she was permitted to do by the trial court.   The statute relied upon is section 5050, Rev. Laws 1910, which reads, in part, as follows:

"The following persons shall be incompetent to testify: * * * Husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have a joint interest in the action; but in no case shall either be permitted to testify concerning any communication made by one to the other during the marriage, whether called while that relation subsisted, or afterwards."

It does not appear that the plaintiff in error is in a position to urge this assignment at this time. The statute, it will be observed, declares the witness to be incompetent and not the testimony given or offered to be given by the witness. The question arose, and the objection was made, as shown by the record, as follows:

"Q. How long before your husband left had you signed that mortgage? A. November 12, 1907, or about. Q. At that time were you indebted to the defendant Mrs. M. S. Hartzell in any sum whatever? Mr. Johnson: Objected to as calling for a conclusion. The Court: Overruled. Q. Did you owe Mrs. Hartzell any money? A. Not that I know of. Q. Do you know whether or not you did? A. No, sir; we did not. Q. You say that was signed November 12, 1907? A. Yes, sir. Q. Can you relate to the court and jury under what conditions it was signed? A. With threats. Mr. Johnson: Was your husband there, Mrs. Hartzell; was he there? A. When I signed that? Mr. Johnson: Yes. A. Yes, sir. Mr. Johnson: We object to her testifying to any matter relating to the execution of this instrument as incompetent. Mr. Giddings: I will prove the agency of H. F. Hartzell for the other defendant. I will prove the husband was the agent of the defendant Mrs. M. S. Hartzell in obtaining the execution of this instrument. The Court: Overruled. Mr. Johnson: Exceptions noted."

The objection made by counsel was that the testimony was incompetent, not that the witness was incompetent to testify in the cause on account of the marriage relation existing between her and the other mortgagor.

"An objection to the competency of the evidence does not go to the competency of the witness." (*Bell v. Territory,* 8 Okla. 80, 56 Pac. 853; *Williams et al. v. Jones et al.,* 34 Okla. 733, 126 Pac. 1013.)

In *Muskogee Electric Traction Co. v. McIntire*, 37 Okla. 684, 133 Pac. 213, the second paragraph of the headnotes is as follows:

"The incompetency of a husband to testify as a witness for his wife in an action to which he is a party, under section 5842, Comp. Laws 1909 (section 5050, Rev. Laws 1910), must be raised in the trial court by an objection to the competency of the witness, and not merely an objection to the competency, relevancy, or materiality of the evidence offered by the witness."

The objection in this case was to the competency of the testimony and not to the incompetency of the witness. The testimony was entirely competent. The only objection that might have been properly urged was to the competency of the witness. This objection was not made.

"It is the objection that was made, not that which might have been urged, that calls for the ruling of the trial court." (*Muskogee Electric Traction Co. v. McIntire*, 37 Okla. 684, 133 Pac. 213.)

The ruling of the trial court on the objection made was right, and the exception taken thereto should be overruled.

With the testimony of the plaintiff properly admitted, there is sufficient evidence to support the verdict. It follows that the demurrer to the plaintiff's evidence and the motion for new trial were properly overruled.

There being sufficient evidence to support the verdict, and the cause having been submitted to the jury upon proper instructions as to the law arising upon the issues, the verdict and judgment are conclusive in this court, and should be affirmed.

By the Court: It is so ordered.