**BURRIS et al. v. STRAUGHN et al.**

No. 14147—Opinion Filed July 10, 1923.

Rehearing Denied April 8, 1924.

Second Rehearing Denied Jan. 6, 1925.

(Syllabus.)

1. **Guardian and Ward—Validity of Guardian Sale of Land—Jurisdiction of Court.**

Before it can be said that a guardian's sale of his ward's land is void for want of jurisdiction, it must appear that the court was without jurisdiction of the person or subject-matter or without jurisdiction of the particular matter which the order or judgment professed to decide.

2. **Judgment—Validity—"Lack of Jurisdiction."**

Lack of jurisdiction of the particular matter which the order or judgment professes to decide results from the court's granting relief which under no circumstances it had authority to grant, or where the court undertakes to decide a question not involved in the suit.

3. **Guardian and Ward — Validity of Sale of Lands of Wards in One Parcel for Lump Sum.**

In a guardian's sale of the lands of a ward, where the separate lands of several minors are attempted to be sold in one proceeding, if it appears from the face of the record that the lands of the several wards

were sold in one parcel and for a lump sum, and in such manner that it was impossible to ascertain what the interest of each minor brought, and resulted in the lands of one minor being sold for the use and benefit of the other minors, the order confirming the sale so made would be in excess of jurisdiction and void.

**4. Same—Presumption of Validity of Judgment of County Court.**

The county court is a court of general probate jurisdiction, and it should not be held to have acted in excess of its jurisdiction unless it clearly appears that it entered a decree not authorized by law, and, in order to uphold a probate sale, this court will indulge in every reasonable presumption in favor of the validity of the judgment.

**5. Same—Regularity of Guardian's Sale.**

Where the guardian of three minors petitioned the county court to sell separate real estate belonging to his three wards, and separately described the land of each ward in the petition, but in the decree of sale the guardian was authorized to sell the lands of the three minors at private sale in one tract or separate tracts, as the guardian deemed most beneficial, and the lands were thereupon separately appraised and a return of sale made, showing the sale of all of the land to C. & T. for $3,775, held, that this order did not necessarily result in the sale of the lands of the several minors so as to result in the sale of the land of one for the benefit of the others, or result in the court being unable to ascertain the amount received for the lands of each minor, and, in the absence of the contrary appearing from the face of the record, it should be presumed that the court upon confirmation found that the sale had been legally made instead of in violation of law.

**6. Same.**

The decree confirming a sale, where the record is as above set out, is not void on the ground that the court exceeded its jurisdiction in confirming the sale, as section 1282, Comp. Stat. 1921, requires that upon return of sale being filed, a hearing must be had and the court must examine the return and witnesses and ascertain whether the sale was fairly made, and, in the absence of the contrary appearing upon the face of the record, we will presume that the court took the testimony and that it appeared that the sale had been legally and fairly made.

Error from District Court, Love County; B. C. Logsdon, Judge.

Action by Milton Burris and others against H. M. Straughn and others to cancel guardian's deeds. Judgment for defendants, and plaintiffs bring error. Affirmed.

Sigler & Jackson and Asa E. Walden, for plaintiffs in error.

Moore & West, Keller & Cameron, and Wilkins & Wilkins, for defendants in error.

COCHRAN, J. The plaintiffs in error commenced this action for the cancellation of guardian's deeds to certain lands located in Love county. R. H. Haynes was the duly appointed guardian of Bessie Hensley, Robert Lee Burris, and Douglass H. J. Burris, and on December 30, 1912, as such guardian, filed a petition in the county court of Love county for authority to sell a portion of the land belonging to each of his wards. In this petition the entire allotment of each minor was separately described and it was alleged that it was necessary to sell the surplus allotment of said minors for the purpose of improving the homestead and educating the said minors. The petition also contained averments showing condition of the estates and the annual amount chargeable against such estates for education and maintenance. The probate proceedings following the filing of this petition, and up to and including the confirmation of the sale made by the guardian, were regular in all respects, except in the decree of sale, notice of sale, return of sale and confirmation, the land belonging to the three minors was described together, no separation of the lands belonging to each minor being made. In the decree of sale, the court, after finding the necessity for the sale, ordered that the surplus allotments of the three minors, without designating the land belonging to each minor, should be sold in separate tracts or in one parcel as the guardian deemed best. The return of sale recited that the guardian sold the real estate, describing the lands comprising the surplus allotments of the three minors, to F. B. Conrad and R. H. Thompson for $3,775. The sale thus made was confirmed by the county court on the 7th day of April, 1913, and guardian's deed executed April 8, 1913.

Plaintiffs contend that the above facts bring this case within the decision of this court in Jackson v. Carroll, 86 Okla. 230, 207 Pac. 735. Apparently the only difference between this case and Jackson v. Carroll, supra, is that in that case the petition did not separately describe the lands belonging to each minor and did not separately state the portion of land belonging to each minor that the guardian desired to sell; but described the three allotments together and asked for an order to sell them as the land of the three minors. In the instant case, the petition separately described the land belonging to each minor and the portion which the guardian desired to sell

belonging to each minor, and was therefore sufficient to give the court jurisdiction.

Before relief can be granted to the plaintiffs in this proceeding, it must appear that the decree in the county court is void. Before it can be said that the proceedings in the instant case were void, it must appear that the county court was without jurisdiction of the person or subject-matter, or without jurisdiction of the particular matter which the order or judgment professed to decide. As to this third jurisdictional requisite, Mr. Freeman in his work on Judgments, section 120, said:

"It is very easy to conceive of judgments which, though entered in cases over which the court had undoubted jurisdiction, are void because they decided some question which it had no power to decide, or granted some relief which it had no power to grant, and yet it will probably not be possible to formulate any test by which to unerringly determine whether the action of the court is in similar cases void, or erroneous only."

The author then divides the cases in which judgments have been held void for lack of jurisdiction on this ground into two general classes, viz.: (1) Where the court grants relief which under no circumstances it has authority to grant, and (2) where the court undertakes to decide a question not involved in the suit.

From an examination of the case of Jackson v. Carroll, supra, we are unable to determine the particular jurisdictional question upon which the case was decided, but the following language is used in the body of the opinion:

"We care not whether the order was joint or not, or whether the notice was in accordance with the law, and advertised lands of each individual separately, the sale was not a legal sale, and was such a sale as a court could not legalize by an order of confirmation. All this appears upon the face of the return, upon the face of the deed, and upon the face of the order of confirmation, and it shows that the interests of these minors were merged and hotchpotched, and no one could determine as to what the interest of each minor was."

We gather from the above language that it was intended to hold that the sale in that case was void because the order confirming the sale as it was made in such case was an order which the court under no circumstances had authority to make, and this because "no one could determine as to what the interest of each minor was;" and that it appeared from the face of the proceedings that the land of one minor was being sold for the use and benefit of the others.

If it can be said to appear from the face of the record in the case at bar that the land of one minor was sold for the use and benefit of the other minors, the order would be in excess of jurisdiction and the sale would be void; but we must bear in mind that the county court was a court of general probate jurisdiction and it should not be held to have lost jurisdiction or to have exceeded its jurisdiction unless it clearly appears that it entered a decree not authorized by law.

In Pyeatt v. Estus, 72 Okla. 160, 179 Pac. 42, this court said:

"The petition as well as the order of the court, is more or less general and vague, tending to show a necessity for such sale, yet we have held that the petition was sufficient to give the court jurisdiction, and, after having obtained jurisdiction, the court should not be held to have lost jurisdiction, unless it clearly appears that it entered a decree not authorized under the facts and not warranted by law."

In Cornett v. Williams, 20 Wall. (U. S.) 226, the court said:

"That jurisdiction having attached in the original case, everything done within the power of that jurisdiction, when collaterally questioned, is to be held conclusive of the rights of the parties, unless impeached for fraud."

Let us examine the decree of sale and ascertain whether it clearly appears that the order made in the county court was authorized by law. This order provided for the sale of lands of each of the minors, and to that extent could not be held to be in excess of jurisdiction of the court, although the lands were not separately described. If the court had jurisdiction to make the order for the sale of the separate lands of each of the minors, the fact that the lands were described together instead of separately would not, in any manner, invalidate the sale. If the decree in the instant case is invalid, it is because the guardian was authorized to sell the same in one tract instead of selling the land belonging to each minor separately. Does it necessarily follow that this order required the guardian to sell the land in such manner as to result in the sale of the land of one minor for the benefit of the other? If so, the order was in excess of jurisdiction and void. If not, the same would constitute an irregularity and the presumption would be, in the absence of contrary facts appearing upon the face of the record, that the sale was legally made and that upon confirma-

tion the court found and determined that the sale had been made legally instead of in violation of law. We do not believe that it necessarily follows, because the sale was authorized to be made in one tract, that the guardian should sell the land so as to result in the sale of one minor's property for the benefit of the others, or result in the guardian and the court being unable to determine what the interest of each minor brought. In the instant sale, the bids were made in writing, the guardian was authorized to receive offers on each separate tract and if the offer of the successful bidder contained a bid on each tract and the same was the highest bid received by the guardian on each tract, the guardian was authorized to sell the entire tract to such bidder. There is nothing in the face of the record to show that this sale was not made in that manner. If it was so made, it was possible for the court and guardian to tell the amount received for the land of each minor, and the sale so made did not result in the land of one minor being sold for the benefit of the other. If we are willing to presume that, because the return of sale shows that the lands of the three minors were sold to the same persons and for a total amount named, the guardian offered the same for sale without regard to the interests of each minor in such manner as to be unable to determine the price received for each, we might conclude that the sale was void; but we are unwilling to indulge in such presumptions, because it is our duty to presume that the guardian acted lawfully unless the contrary appears from the face of the record. In Freeman on Judgments, sec. 124, the author said:

"Hence, though the existence of any jurisdictional fact may not be affirmed upon the record, it will be presumed upon a collateral attack that the court, if of general jurisdiction, acted correctly and with due authority, and its judgment will be as valid as though every fact necessary to jurisdiction affirmatively appeared."

It may be argued that the sale was void because it cannot be determined from the face of the proceedings that the land sold for 90% of the appraised value, and, hence, the county court was without jurisdiction to make the order of confirmation. In order to sustain this contention, it would be necessary again to indulge in a presumption against the legality of the proceedings. The record affirmatively shows that an appraisement was made of the property and the land belonging to each minor was separately described and separately appraised, but it does not appear from the return of sale or the order of confirmation what amount was received for the interest of each minor. If the land of each minor did not bring 90% of its appraised value, the county court was without jurisdiction to make the order of confirmation as decided by this court in Winters v. Oklahoma Portland Cement Co., 65 Okla. 132, 164 Pac. 965; but, it not appearing from the face of the record that the property sold for less than 90% of its appraised value, it is again our duty to indulge in presumptions in favor of the validity of the judgment entered by the county court in confirming this sale. It is our duty to indulge in every reasonable presumption in favor of the validity of this order. As said by the Supreme Court of the United States in Manson v. Duncanson, 166 U. S. 533:

" It is certainly the policy of the law to maintain judicial sales, and every reasonable inducement should be indulged to uphold them, otherwise the public would become distrustful, and fair prices for property sold under judicial authority would seldom be obtained. Purchasers, while they are required to take notice of the existence and terms of the decrees of judgments under which they purchase, and as to the parties bound thereby, cannot be required to become judicial critics, and to pass in review, at their peril, upon the correctness of the proceedings upon which the judgments and decrees may be founded."

In Hathaway v. Hoffman, 53 Okla. 72, 153 Pac. 184, this court said:

"The record of the county court being silent as to the residence of these minors at the time this appointment was made, it is but fair to presume, in aid of jurisdiction of the court to make the appointment, that the court before making it took evidence, as was its duty to do, and found the facts to be that their residence at that time was in Atoka county."

In Greer et al. v. McNeal, 11 Okla. 519, 69 Pac. 891, the court used the following language:

"It is not necessary that in proceedings properly before the probate court and within its jurisdiction, its judgment shall contain a recitation of the facts upon which the jurisdiction of the court depends. A final judgment of the probate court imports jurisdiction, and it will be inferred from the fact that such a judgment was rendered that all the facts necessary to its proper rendition had been found to exist before the judgment was rendered."

In Jordan v. Chicago, etc., R. Co., 4 Ann. Cas. 1113, it is said:

"Pursuant to the doctrine that courts of

probate, or such courts as have jurisdiction of administrations, are courts of general jurisdiction within their peculiar sphere, it is generally held that their decrees granting letters testamentary or of administration on the estates of deceased persons, are conclusively presumed to be valid as against collateral attack, even on the ground that the court incorrectly found the jurisdictional facts, where the court had power to determine such facts and the want of jurisdiction does not appear on the face of the proceedings."

When the return of sale came on for hearing before the county court, it called for the exercise of the jurisdiction of that court, and, in the exercise of that jurisdiction, the court was called upon to determine whether the land sold for 90% of its appraised value; that is, whether the land of each minor sold for as much as 90% of its appraised value. It is provided in section 1282, Comp. Stat. 1921, as follows:

"The court or judge must fix the day for the hearing of such return, of which notice of at least ten days must be given by the judge, by notices posted in three public places in the county, or by publication in a newspaper, or both, as he may deem best, and must briefly indicate the land sold, the sum for which it was sold, and must refer to the return for further particulars. Upon the hearing, the court must examine the return and witnesses in relation to the same, and if the proceedings were unfair, or the sum bid disproportionate to the value * * * the court may vacate the sale and direct another to be had."

The return on its face did not show whether that was true, or not; but only showed that the amount received for the land of the three minors amounted to more than 90% of the appraised value of the land of all the minors. It was proper for the court upon the hearing on this return to investigate this matter and ascertain the manner by which the property was sold and the price received for the interest of each minor, and, having heard the matter and entered the decree confirming the sale, it will be presumed that there was sufficient showing made to the court to justify the finding of the court that the property sold for 90% of its appraised value. There is nothing in the order of confirmation or in the other proceedings which precludes us from presuming that the county court properly exercised its jurisdiction and made an order which it was authorized to make. We are, therefore, of the opinion that this guardianship sale was not void and cannot be attacked in this collateral proceeding.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and BRANSON, HARRISON, and MASON, JJ., concur.

KENNAMER and NICHOLSON, JJ., dissent.