## YELDELL v. BANK of ELMER.

No. 12155—Opinion Filed Oct. 23, 1923.

Rehearing Denied Dec. 18, 1923.

(Syllabus.)

1. **Banks and Banking—Contract by Cashier—Ratification by Bank.**

Where a cashier of a bank makes a contract which is beyond his power and authority, but the bank knowingly receives the benefits therefrom, it will be held to have ratified the contract.

2. **Contracts—Mutuality.**

A contract is not deprived of mutuality by reason of the fact that the liability of both parties is contingent on the happening of a condition precedent.

3. **Execution—Validity of Sale—Estoppel of Landowner.**

Evidence examined, and held sufficient to estop the plaintiff from denying the validity of the execution sale, under section

5247, Comp. Stat. 1921.

Error from District Court, Jackson County; Frank Mathews, Judge.

Action by E. M. Yeldell against the Bank of Elmer. Judgment for defendant, and plaintiff brings error. Affirmed.

Guy P. Horton, for plaintiff in error.

T. M. Robinson, for defendant in error.

COCHRAN, J. This action was commenced by the plaintiff in error against the defendants in error to cancel certain deeds to lands in Jackson county, Okla. The parties will hereinafter be referred to as plaintiff and defendants, as they appeared in the trial court.

The defendant, the Bank of Elmer, procured a judgment against E. M. Yeldell and J. D. Yeldell and had an execution levied on certain real estate belonging to said parties. Thereafter, the bank, by its cashier, entered into a written contract with E. M. Yeldell and J. D. Yeldell, under which agreement it was agreed that the Yeldells would not contest the action upon the part of the bank, and in which it was agreed that the bank would have a judicial sale made of the real estate which had been levied on, and the bank would within a reasonable time convey a portion of the lands to J. D. Yeldell, or such other person as he might designate, upon certain terms set out in the contract. It was further provided in the contract that nothing in the contract should be construed as preventing the Yeldells or any one else from bidding on the land at the judicial sale, but in the event that they, or any one of them, became the purchasers of said land for an amount equaling the amount of judgment of the bank, the bank would be relieved from its agreement to convey the property to J. D. Yeldell. It was further agreed that the performance of the contract should operate as full settlement and satisfaction of the judgment in favor of the bank, and that upon full performance thereof the bank agreed to satisfy and discharge the judgment.

It was the purpose of this contract to arrange for the settlement of the judgments held by the bank against the Yeldells in the event the bank was the purchaser of the property at the judicial sale, and the terms of the contract were carried out. This arrangement was made because of other judgments in favor of other parties against the Yeldells, which were liens against the land and which all parties to the contract desired to remove by the judicial sale. The real estate was sold at sheriff's sale and the bank bought it in, but the purchase price did not amount to two-thirds of the appraised value, and it is conceded by the parties to this suit that the sale was void on that account. The sheriff's deed was executed to the bank and, thereafter, J. D. Yeldell declined to take the portion of the land which he had agreed to take under the contract, so the bank retained all of the property, and, thereafter, at the request of E. M. Yeldell, the bank released and satisfied the judgments which it held against the Yeldells. After more than four years had elapsed, E. M. Yeldell filed this suit to recover the real estate on the ground that the sheriff's sale was void. Upon a trial of the case, judgment was rendered for the defendant, and the plaintiff has appealed.

As stated above, all parties to this suit concede that the sheriff's sale was void, but the defendant contends that by reason of the contract executed between the parties and the subsequent acts of the plaintiff he is estopped to deny the validity of the sale. The plaintiff contends that the contract between the Yeldells and the bank was void because it was executed by the cashier without authority from the board of directors. Conceding that the contract was executed without proper authority in the first place, the acceptance of the benefits of the contract by the bank and the sale of the real estate by it constituted a ratification of the contract. Howard v. Kincaid, 54 Okla. 271, 156 Pac. 628; Rainbow Oil & Gas Co. v. Barton, 70 Oklahoma, 173 Pac. 1135; Crowder State Bank v. Aetna Powder Co., 41 Okla. 394, 138 Pac. 392.

The plaintiff further contends that the contract was invalid because it lacked mutuality, in that the bank did not bind itself to purchase the real estate at the judicial sale. It is true that the contract was contingent upon the happening of a condition, viz., that the Yeldells, or someone else, should not purchase the property at the judicial sale; but in the event that event did not take place, or, stating it a little differently, in the event that the bank did become the purchaser at the sale, it bound itself to do certain things, and in these circumstances, the contract was not deprived of mutuality. The rule in this regard is stated in 13 C. J. 333, as follows:

"A contract is not deprived of mutuality by reason of the fact that the liability of both parties is contingent on the happening of a condition precedent."

It is our opinion that, under the facts in this case, the plaintiff is estopped to de-

ny the validity of the sheriff's deed. Section 5247, Comp. Stat. 1921, provides:

"Any person or corporation having knowingly received and accepted the benefits or any part thereof of any conveyance, mortgage or contract relating to real estate, shall be concluded thereby and estopped to deny the validity of such conveyance, mortgage or contract, or the power or authority to make and execute the same, except on the ground of fraud; but this section shall not apply to minors or persons of unsound mind who pay or tender back the amount of such benefit received by themselves."

After the judicial sale was made and the bank had purchased the property, the plaintiff, with full knowledge of the facts, insisted upon the bank's complying with its contract and satisfying the judgments. If the proceeds from the sale of this land alone had been applied on the judgments, there would have remained a deficiency judgment against the plaintiff. This was what he did not desire and what the bank had agreed would not result if it purchased the property. The plaintiff insisted on the judgments being satisfied in full, and the bank, having received the benefits of the sale, satisfied and released the judgments. In these circumstances, it is our opinion that the plaintiff was estopped to deny the validity of the sale, and the judgment of the trial court should be affirmed, and it is so ordered.

McNEILL, V. C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.