### VANN v. ADKINS et al.

No. 15182—Opinion Filed March 10, 1925.

**1. Guardian and Ward—Validity of Guardian's Sale of Land—Case Followed.**

Syllabus parags. 1, 2, 3, 4, 6, in Burris et al. v. Straughn, 107 Okla. 299, 232 Pac. 394, adopted as the syllabus in this case.

**2. Same—Lands of Three Minors in One Deed.**

Where the guardian of three minors petitioned the county court to sell separate real estate belonging to his three wards, and separately described the land of each ward in the petition, but in the decree of sale the guardian was authorized to sell the lands of the three minors at private sale in one tract or separate tracts, as the guardian deemed most beneficial, and the lands were thereupon separately appraised and a return of sale made, showing that he had accepted three separate bids of M. E. A. on the three separate pieces of land, totaling $1,040, and one deed was executed by the guardian to M. E. A. for all the land and the consideration therein named was $1,040, held, that the order did not necessarily result in the sale of the land of one for the benefit of the others, or result in the court being unable to ascertain the amount received for the lands of each minor, and, in the absence of the contrary appearing from the face of the record, it should be presumed that the court upon confirmation found that the sale had been legally made instead of in violation of law.

(Syllabus by Ruth, C.)

Commissioners' Opinion. Division No. 3.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Action by Jesse D. Vann against Hattie S. Adkins and Eugene Adkins, for cancellation of guardian's deed. Judgment for defendants, and plaintiff appeals. Affirmed.

Bernard A. Gow and T. C. Wilson, for plaintiff in error.

Forman & Simms, for defendants in error.

Opinion by RUTH, C. The plaintiff in error commenced this action in the district court of Mayes county, praying cancellation of a certain guardian's deed to lands in Mayes county.

Henry Vann was duly appointed guardian of the person and estate of John H. Vann, Jesse D. Vann, William F. Vann, and Perlie G. Vann and as such guardian, Henry Vann, on the 11th day of September, 1908, filed his petition in the county court of Mayes county, praying authority to sell the lands of John H. Vann, Jesse D. Vann and William F. Vann, a total of 120 acres, being 40 acres of each minor child. The lands were sold to M. E. Adkins, since deceased, and on November 18, 1908, the sale was confirmed by the county court of Mayes county.

The record discloses that the order of sale directed the guardian to sell the lands in one parcel, or in separate parcels or subdivisions as the guardian should judge to be most beneficial.

Appraisers were duly appointed and appraised each 40 acre tract separately and their return so shows. The guardian thereupon duly advertised the land for sale in one parcel. Bids were submitted and received on each parcel separately, according to the appraisement and the individual and separate interests of the heirs. The guardian's return of sale shows he accepted the bid of M. E. Adkins as follows: For the lands of John H. Vann (describing them) the sum of $344; for the lands of Jesse D. Vann (describing same) the sum of $344; for the lands of William F. Vann (describing same) the sum of $352; being a sum total of $1,040, and the court confirmed the sale after due notice, without separating the parcels, but as one parcel, and in the sum of $1,040, and but one deed was executed by the guardian for the total 120 acres for the consideration named therein as $1,040.

Plaintiff contends the lands were sold in "hotch pot" in violation of the laws of Oklahoma.

The instant case is on all fours with the case of Burris et al. v. Straughn et al., 107 Okla. 299, 232 Pac. 394, very recently decided by this court and it is unnecessary to attempt to blaze a new trail to the same destination. The question was fully discussed and ably presented by Mr. Justice Cochran in Burris et al. v. Straughn et al., supra, and the conclusion and syllabus parags. 1, 2, 3, 4, 6 therein are herewith adopted as the law governing the question involved in this case.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 740; 28 C. J. pp. 1185 (1926 Anno.), 1195, 1199; 33 C. J. pp. 1076, 1077, 1152; (2) 28 C. J. p. 1185 (1926 Anno.)