## ASKEW et al. v. TERRELL et al.

No. 13856—Opinion Filed Sept. 22, 1925.

Rehearing Denied Oct. 27, 1925.

(Syllabus.)

**1. 2, 3. 4. Guardian and Ward—Validity of Sale of Ward's Lands.**

Syllabus paragraphs 1. 2, 3, and 4 in the case of Burris et al. v. Straughn et al.. 107 Okla. 299, 232 Pac. 394, are referred to and made respectively corresponding paragraphs of the syllabus in the instant case.

**5. Same—Presumption of Regularity—Sale of Lands of Several Wards.**

Where the guardian of four minors filed his petition in the court in which the probate proceeding of their estates was pending, which petition set out the land belonging to each ward separately, giving the name of the ward who was the owner thereof, and the decree of sale authorized the guardian to sell the land of the minors at private sale in one tract or separate tracts, as was deemed most beneficial, and there the land was separately appraised and the return of sale separately described the land belonging to each minor, but recited the price for which all the lands were sold at a lump sum, held, that such proceedings did not necessarily result in the sale of the land of the several minors or of any minor for the benefit of another minor, and that the return. showing the sum total received. did not preclude the court from ascertaining the amount received from the land of each minor; and. in the absence of the record showing that the court failed to do this. it should be presumed that the court, upon confirmation, found that the sale had been legally made and ascertained the amount for which the land of each minor was actually sold.

Error from District Court, Love County; B. C. Logsdon, Judge.

Action by Orbra Askew and others against J. P. Terrell and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Sigler & Jackson, for plaintiffs in error.

Wilkins & Wilkins, for defendants in error.

BRANSON, V. C. J. Orbra Askew, Irene Troop. nee Askew, Dulsa Shipman, nee Askew, and Dorothy Askew are plaintiffs in error herein. They were the plaintiffs in a suit filed in the district court of Love county to recover certain land which had been allotted to them severally as citizens of the Chickasaw Nation of Indians. The judgment of the district court was in favor of the defendants, and the appeal seeks a reversal on one assignment of error, to wit: That the court should have rendered. judgment for the plaintiffs on the record.

It is not in dispute that the source of title to the land involved is patents from the Chickasaw Nation to said respective plaintiffs. In 1910, they were minors; their guardian was one T. V. Askew. Said guardian, on the 20th day of June, 1910, filed his petition in the probate or county court of Love county, praying an order for the sale of the allotments of each of said plaintiffs for their support, maintenance, and education. The petition so filed described the allotment of each minor and after each description was inserted the name of the minor, who was declared to be the owner of the land immediately preceding. The notice of the hearing described the land, giving the name of the minor owning each tract. The order authorizing the sale minutely described the land, giving the name of each owner after each description. The notice of the sale did likewise. The return of sale described the land belonging to each minor separate and apart from that of the other minors, but further recited that the entire acreage had been sold to one J. P. Terrell for the sum of $14,850. The order permitting the sale described each allotment, giving the owner thereof by name after the description. The appraisement of the land belonging to each minor mas separately made, reciting the name of the minor to whom the land belonged immediately preceding the description and the appraised value thereof. The guardian's report, following the sale of the land, was filed, which was approved, showing what the land of

each mnior brought, setting forth that the land of Orbra Askew brought $3,025; Dulsa Askew, $2,200; Irene Askew, $2,200, and Dorothy Askew, $7,425, which amounts totaled the $14,850 recited in the return and in the order of confirmation. The guardian's deed described all the land sold without reference to the ownership of any particular tract in either of the plaintiffs, and for this reason the plaintiffs plead, in the instant suit, that said land was sold as a body and all together and that the allotments of said minors were not sold separately, but that said sale was a "hotchpotch" sale and that there was no way to determine from such sale the amount of money which any particular allotment brought and that, therefore, the said sale was unfair, irregular, and illegal as disclosed by said records. While the record discloses that the three adult wards, upon their attaining their majority, executed settlement receipts to their said guardian, and that a large part of the money received from the sale of the land belonged to the plaintiff who is still a minor, and invested in a business house in Marietta, we deem it unnecessary to discuss the legal deductions which might flow from this state of facts, under what we consider the controlling proposition of law involved here.

We have recited the facts, sufficiently clear, we deem, to show that there is little if any analogy between the alleged basis of recovery in this action and the facts underlying the decision of this court in the case of Jackson v. Carroll, 86 Okla. 230, 207 Pac. 735. We deem it unnecessary to indulge in a lengthy discussion of the assignment, which is all but entirely predicated upon the holding of this court in said case. We have set out, supra, the return of sale, which showed a description of each tract of land and the minor to whom it belonged, and said return invoked the jurisdiction of the court to determine whether the land of each minor, as described in the return, brought 90 per cent. of the appraised value; or, in other words, the appraisement showing the appraised value of the land of each minor and the return showing the land of each minor, it was the duty of the court to determine whether or not each minor received an amount equal to or in excess of 90 per cent. of the appraised value of his land. Section 3282, C. O. S. 1921, provides:

"The executor or administrator, after making any sale of real estate, must make a return of his proceedings to the county court, which must be filed by the judge, at any time subsequent to the sale. The court

or judge must fix the day for the hearing of such return, of which notice of at least ten days must be given by the judge, by notices posted in three public places in the county, or by publication in a newspaper, or both, as he may deem best, and must briefly indicate the land sold, the sum for which it was sold, and must refer to the return for further particulars. Upon the hearing, the court must examine the return and witnesses in relation to the same, and if the proceedings were unfair, or the sum bid disproportionate to the value, * * * it is in the discretion of the court to accept such offer and confirm the sale to such person or to order a new sale."

The return filed by the guardian, though it pointed out the respective tracts owned by each minor, did not affirmatively show the amount for which each tract was sold. The duty, however, by reason of said statute, fell upon the court, upon investigation of said return, to determine the manner of the sale of said property and the price received for the benefit of each minor for his respective tract, and the record disclosing that the court did hear the matter upon due notice and confirmed the sale, we must presume that there was sufficient showing made that each tract was sold for at least the amount required by statute. The record nowhere presents the state of facts which precludes such presumption, or that the court made an unauthorized order. In the case of Burris et al. v. Straughn et al., 107 Okla. 299, 232 Pac. 394, in a case similar to the instant one, the syllabus of the court particularly in point here reads:

"Where the guardian of three minors petitioned the county court to sell separate real estate belonging to his three wards and separately described the land of each ward in the petition, but in a decree of sale the guardian was authorized to sell the lands of the three wards at private sale in one tract or separate tracts, as the guardian deemed more beneficial, and the lands were thereupon separately appraised and a return of sale made, showing the sale of all of the lands to C. and T. for $3,775, held, that this order did not necessarily result in the sale of the lands of the several minors so as to result in the sale of the lands of one for the benefit of the others or result in the court being unable to ascertain the amount received for the lands by each minor and, in the absence of the contrary appearing from the face of the record, it should be presumed that the court, upon confirmation, found that the sale had been legally made instead of in violation of law."

Subsequent to said case, this court has approved the case of Vann v. Adkins, 109 Okla. 12, 234 Pac. 644, involving the same question. In the instant case each tract

was properly described which belonged to each minor as its individual property in all the orders and notices, including the order confirming the sale, but the return and order did not set out the amount received for each tract, but the report of the guardian referred to, supra, did set out the amount. We think this conclusively shows that the amount each tract brought was ascertained, to reach which in the case of Burris v. Straughn, supra, a presumption was indulged.

Citing of further authorities cannot add to our conviction that the judgment of the district court, in favor of the defendants, was correct. It is, therefore, affirmed.

But it appears from the record in this cause that pending the appeal in this court, the defendant in error, J. P. Terrell, departed this life, and on proper motion this cause was duly revived in the name of his heirs at law, to wit, Rosa Terrell, W. H. Terrell, J. C. Terrell, Mrs. W. L. Coleman, Mrs. E. C. Brand, Mrs. H. O. Wheeler, and Mrs. E. Scott, and the judgment is affirmed in the name of these heirs at law, in lieu of J. P. Terrell, deceased.

NICHOLSON, C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (5) 28 C. J. pp. 1190, § 331 (Anno) ; 1192, § 334; 1197, § 343 (Anno).