## FERGUSON v. A. F. STEWART CONST. CO.

No. 15805—Opinion Filed Nov. 10, 1925.

1. **Contracts—Right of Contractor to Reasonable Remuneration from Owner of Building for Estimating Fire Loss and Effecting Adjustment of Insurance.**

   Where a contractor, having large experience in the construction of buildings and full knowledge of the costs of labor and material, is employed by a party to make an examination of a building that has been destroyed by fire and to make estimates of the extent of the loss of said party, and he makes settlement of said loss with the adjusters of the insurance companies, having been given full authority to do so by said party, in the absence of a contract as to the exact amount he should receive as compensation for his services, he is entitled to recover a reasonable amount for said services.

2. **Contracts—Building Contract on Cost Price Plus Plan — Salary of Contractor's Superintendent as Item of Cost.**

   Where a contract provided that plaintiff should receive as compensation for the work agreed to be done by him and for materials used, the cost price plus an agreed profit, the salary of plaintiff's superintendent for the time he devotes exclusively to the work is a legitimate item of cost, especially in view of the evidence of an agreement in the contract to make such a charge.

3. **Same—Freight and Repairs on Equipment as Item of Cost.**

   Where a contract provided that defendant should pay for the freight on machinery and equipment to be used in constructing a building by plaintiff for defendant and to pay for repairs on machinery broken while being used in said work, such items are legitimate charges of cost.

4. **Appeal and Error — Review in Law Case—Questions of Fact — Conclusiveness of Verdict.**

   The jury sits as judge of the facts in a law action, under proper instructions by the trial court, and where the evidence is conflicting, the jury weighs the facts and renders its verdict, and where there is any evidence reasonably tending to support the verdict, the decision of the jury is final and will not be disturbed by this court on appeal.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by the A. F. Stewart Construction Company against J. B. Ferguson. Judgment for plaintiff, and defendant brings error. Affirmed.

H. J. Sturgis, for plaintiff in error.

Harry O. Glasser, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Garfield county, Okla., by A. F. Stewart Construction Company, a corporation, defendant in error, plaintiff below, against J. B. Ferguson, plaintiff in error, defendant below,

for the recovery of a money judgment or four separate causes of action in the total sum of $21,520.60, with interest and for costs. The parties will be referred to in this opinion as plaintiff and defendant, as they appeared in the lower court.

The plaintiff, in its petition, on the first cause of action sought to recover the sum of $1,312.81 for services rendered in securing from insurance companies for the defendant $29,000 for fire loss, under insurance policies held by defendant, based upon a claim that it reconstructed the property destroyed by fire for the sum of $11,509.15, saving to the defendant the sum of $17 490.85 in excess of the actual damage sustained by the defendant on account of said fire, claiming that the defendant was indebted to the plaintiff in the amount sued for, as reasonable compensation for said services in securing the sum of $29,000, with interest at six per cent. from the 13th day of May, 1921.

In the second cause of action, plaintiff asks to recover the total sum of $1,121.39, with interest thereon at six per cent. from May 25, 1921, under an oral agreement between the plaintiff and defendant for rebuilding and repairing the building destroyed by fire known as the "Chamber of Commerce Building," in the city of Enid, whereby the defendant should pay for all material used, for all labor employed on said building by said plaintiff in repairing and rebuilding the same, and that plaintiff was to receive as compensation from said defendant for its supervision of said rebuilding and repairing, a sum equal to 7 1-2 per cent. of the total cost of the material and labor employed by plaintiff on said building, and that the total cost of the repairing and rebuilding of said building amounted to the sum of $11,509.15, and that 7½ per cent. thereof amounted to the sum of $863.19, and prayed for an additional sum of $258.20 for insurance for the protection of workmen on said building.

In the third cause of action, plaintiff seeks to recover the sum of $336.40, with interest thereon at six per cent. from May 25, 1921, for tearing down, rebuilding, and reconstructing a building known as the "Old Opera House," in the city of Enid, on an oral contract, for which it was to receive the sum of 7 1-2 per cent. of the amount of the costs for material used and labor employed on said building, but it was alleged that when the defendant discharged the plaintiff from further services upon said building, there had been up to that time ex-

pended for material furnished and labor performed, the sum of $3,210.28, 7 1-2 per cent. of which amounted to the sum of $240.77, and claimed an additional sum of $95.63, for casualty insurance, carried on the workmen employed on said building. At the close of the testimony on part of the plaintiff, the fourth cause of action was dismissed by the plaintiff.

The defendant answered by way of general denial, but admitted the contract as alleged in plaintiff's petition for the rebuilding and repairing of the building known as the "Commerce Building," and further alleged the making of the oral contract for the rebuilding of the two buildings on a cost plus basis, but denied the claim of plaintiff that he was to pay the salary of the superintendent, and denied that he was to pay freight and repairs on the equipment furnished by the plaintiff in doing the work, and set up a counterclaim, which he asked to be set off against the plaintiff's claim in several items.

At the close of the evidence on part of the plaintiff, the defendant demurred to the sufficiency of the evidence to sustain the plaintiff's first cause of action, which demurrer was overruled by the court and exception reserved by the defendant, and the court, on its own motion, withdrew from consideration by the jury the claim of plaintiff for the amounts paid out for insurance of the employes engaged on the two buildings; and at the close of all the evidence in the case, the jury returned its verdict on the first cause of action in favor of the plaintiff, that the plaintiff recover of and from the defendant the sum of $300; on the second cause of action, the sum of $800; and, on the third cause of action, the sum of $195.63.

Motion for new trial was heard and overruled and exception reserved by the defendant, and the court pronounced judgment on the verdict of the jury on the first cause of action in the sum of $300, with interest at six per cent. from November 3, 1921, and on the second and third causes of action in the sum of $995.63, with interest thereon at six per cent. from May 25, 1921, together with costs of the action. From this judgment, this cause comes regularly upon appeal by the defendant to this court for review.

Attorney for defendant urges two propositions for reversal of the cause, which are as follows:

"(1) It is the contention of the plaintiff in error that error was committed by the

trial court in overruling his motion for a new trial, and under this, in that the trial court erred in overruling his demurrer to the evidence offered by the plaintiff in support of his first cause of action and erred in not rendering judgment thereon in favor of the defendant.

"(2) The defendant further contends that the trial court committed error in the admission of testimony offered by the plaintiff in support of its second and third causes of action, and erred in failing to instruct the jury upon the law relating to contracts of this character."

On the first proposition, we find from the evidence in the record that the defendant sought and obtained the services of A. F. Stewart, the representative of the plaintiff company, who occupied the position as head of a building company having large experience in construction work and having full knowledge of costs of material and labor in constructing buildings in the state of Oklahoma, and that said A. F. Stewart made a thorough examination of the building that had been destroyed by fire, and made estimates after such examination of the extent of the loss incurred by the defendant in said fire, and had full charge of and secured an adjustment of the loss with the adjusters of the insurance company, and secured payment to defendant of the sum of $29,000, under the fire insurance policies held by defendant on said building; that the defendant then engaged the plaintiff company to rebuild said building, and the same was rebuilt by said company at a cost to defendant of a sum of $11,509.15, and in plaintiff's first cause of action it claimed that it should be paid the sum of $1,312.81, as a reasonable compensation for its services in this regard. The defendant testified that A. F. Stewart, representative of the plaintiff, told him there would be no charge for said services on account of his having secured the contract to reconstruct said building, which statement was denied by A. F. Stewart, and it then became a question of fact for the jury, under the instructions given by the court, to determine whether there should be any charge, and if plaintiff were entitled to recover any amount, for it to fix the amount that would be a reasonable compensation. This question was submitted to the jury under proper instructions upon the facts, and it determined that there was some compensation due, and fixed the amount of plaintiff's recovery in the sum of $300. We are of the opinion that, under the proven facts in this case, after a thorough examination of the record, the evidence amply sustains the verdict of the jury, and the amount fix-

ed by the jury of the plaintiff's recovery was a reasonable charge for the services rendered, and we are, therefore, of the opinion that the demurrer to the evidence of plaintiff on the first cause of action was properly overruled by the trial court, and the judgment rendered upon the verdict in the first cause of action should be and it is hereby sustained.

Upon the second ground for reversal, urged by counsel for defendant in his brief, we find that there is no attempt by counsel for defendant to comply with rule 26 of the Supreme Court on the question of admission or rejection of testimony, in that he fails to "set out in his brief the full substance of the testimony to the admission or rejection of which he objects, stating specifically his objection thereto." There was no objection or exception to the instructions given by the court to the jury, and there was no offer of any additional instruction asked for by the defendant, and there is no compliance with rule 26, where it requires that the portion of the instruction to which a party objects and saves his exceptions "be in totidem verbis," and we are, therefore, of the opinion that the question presented by the second ground urged for reversal is not properly before the court for review, as this assignment of error goes solely and only to the second and third causes of action, and we have read the instructions given by the court to the jury, and we find that the issues in this case, raised by the pleadings, were fully presented in the court's charge to the jury, and in the absence of any objection or exception to the instructions or any offer of additional instructions by defendant, we are of the opinion that no error can be predicated upon the second ground urged for reversal of this cause.

It is admitted by the defendant in his own testimony that the oral contract was entered into, as alleged in plaintiff's petition, whereby plaintiff was to receive 7½ per cent. on the cost of material and labor in the construction of the two buildings, and it was testified to by A. F. Stewart, for the plaintiff, and Henry Ellege, the superintendent, that the defendant, J. B. Ferguson, and A. F. Stewart, representing the plaintiff, made such a contract, and that the defendant was to pay Henry Ellege to superintend the work and the buying of the material in the construction of the two buildings, and that defendant was to pay the freight on the machinery to the location of the construction of the buildings, and that such was the contract between the parties; that A. F. Stew-

art, representing the construction company, was there in person once or twice a week while the work was going on, and that Henry Ellege was merely an employe and not an officer of the plaintiff company, and, therefore, the item of compensation of Henry Ellege as superintendent, and the item of freight and drayage on the machinery and tools, and the repair on said tools while being used in the construction of the buildings, were part of the necessary cost of the operation affecting the particular undertaking, and under said contract and under the decisions, we cannot hold that any of the items charged were overhead expenses, including the salaries of executive or administrative officers, as defined in the case of Lytle, Campbell & Co. v. Somers, Filter & Todd Co., 276 Pa. 409, 120 Atl. 409, cited and relied upon by attorney for defendant, and the items set up in plaintiff's claim did not include the supervisory attendance of a contractor, as there was no charge for the attendance of A. F. Stewart, as referred to in the case of Isaacs v. Reeve (N. J. Ch.) 44 Atl. 1, cited and relied upon by defendant. The items included in plaintiff's claim did not include any ·charge for depreciation of the equipment used, as referred to in the case of Savannah A. & N. Railroad Co. v. Oliver, 174 Fed. 140, cited and relied upon by counsel for defendant.

In the case of Winston v. Clark County Construction Co., 186 Ky. 743, 217 S. W. 1027, the matter of the allowance of a superintendent's salary, as an item of the total cost of construction upon which the cost plus commission can be calculated, was there fully determined. In that case the court said:

"Another item objected to is one of $250, salary of plaintiff's general manager, who superintended the construction of the work. It was shown that this is usual and customary, and we are referred to no authority disallowing such charges. If the general manager had not superintended the work, manifestly it would have been necessary to hire one for that purpose, and the wages of such one would no doubt have been a legitimate item entering into the total cost of the work, which defendants agreed to pay, plus $1 per cubic yard profit."

In this case the Stewart Construction Company, by an agreement with the defendant, employed Henry Ellege, a competent building superintendent, not engaged with the plaintiff company in any connection, except as an employe, and we hold that the compensation for his services is a legitimate

item, entering into the total cost of the work.

Under the testimony in this case, we are clearly of the opinion that there was ample evidence for the jury to find the amount due plaintiff as assessed by it in its verdict on plaintiff's second and third causes of action, and that the items, upon which plaintiff claims it was entitled to 7½ per cent. were proper charges, under its contract, and that the judgment of the court rendered upon said verdict is just and proper, and that said judgment of the trial court should be and it is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. p. 585, §587. (2) 9 C. J. p. 817, §154; anno. 2 A. L. R. 126; 27 A. L. R. 48. (3) 9 C. J. p. 817, §154. (4) 4 C. J. p. 853, §2834; 38 Cyc. p. 1512; 2 R. C. L. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.