## AMBROSE et al. v. PROVINCE.

No. 19827. Opinion Filed Dec. 16, 1930.

Rehearing Denied June 30, 1931.

Mark B. Ingle, for plaintiffs in error.

Fred W. Green, for defendant in error.

HERR, C. This is an action originally brought in the district court of Logan county by David Ross Province against George H. Ambrose, individually, and as administrator, and others, as heirs at law of Tillie Province, deceased, to reform a deed. Deed was executed to plaintiff by deceased February 5, 1927. She died April 13, 1927. The deed described the premises as lots 1, 2, 3, and 4, in block 45, West Guthrie, Logan county, Okla.

Plaintiff, in his petition, alleges that the lots intended to be conveyed by the deed were located in block 29, instead of block 45; that in drawing the deed the draftsman thereof, through oversight and error, described the lots as being located in block 45 instead of 29; that deceased grantor never, at any time, owned any lots in block 45, and that it was her intention to convey said lots in block 29. Plaintiff alleges ownership of the premises by title acquired from deceased by virtue of this deed; that he went into possession of the premises thereunder, and was so occupying the same at the time of the institution of this suit. The prayer is that the deed be reformed so as to correctly describe the property actually intended to be conveyed by deceased.

Defendants demurred to the petition on the grounds of insufficiency of allegations to plead a cause of action. The demurrer was, by the court, overruled, defendants excepting. They then answered denying execution of the deed, and further pleading want of consideration, undue influence, want of mental capacity of grantor to execute the deed, and negligence and laches on the part of plaintiff.

Upon these issues, the case went to trial before the court. At the conclusion of plaintiff's evidence, defendants demurred thereto, which demurrer was by the court overruled, defendants reserving their exception and standing upon their demurrer. No evidence was offered by them. Judgment was then rendered in favor of plaintiff and the deed reformed in accordance with the prayer of his petition. Defendants appeal.

It is first contended by defendants that the court erred in overruling their demurrer to the petition of plaintiff. In this connection, it is argued that the petition is defective for the reason that it fails to set out and plead the agreement leading up to the execution of the deed, and fails to allege that the error or mistake complained of in the petition was mutual. The action is to correct a mistake of the draftsman in preparing the deed. It is alleged that this mistake consists in wrongfully describing the premises actually conveyed. It is also alleged that grantor intended to convey the property in block 29. The action is not to reform the agreement. A specific allegation that the mistake was mutual was, therefore, not essential.

In the case of Born v. Schrenkisen (N. Y.) 17 N. E. 339, the following rule is announced in paragraph 3 of the syllabus:

"Where it is sought to reform a written instrument on the ground of mistake in reducing the same to writing, there having been no mistake in the contract as agreed upon, it is not necessary to allege that the mistake was mutual."

In discussing the question of mutuality in cases of this character, the court, at page 341 of 17 N. E., says:

"It was not necessary for them to allege a mutual mistake in the reduction of the agreement to writing, there being no mistake as to the agreement. In such a case, if by the mistake of the scrivener, or by any other inadvertence, the writing does not express the agreement actually made, it may be reformed by the court. It is only where the action is to reform the agreement itself that it is required that it should be alleged in the pleading, and proved on the trial, that the mistake was mutual. Where there is no mistake about the agreement, and the only mistake alleged is in the reduction of that agreement to writing, such mistake of the scrivener, or of either party, no matter how it occurred, may be corrected. Pitcher v. Hennessey, 48 N. Y. 415."

In the case of Koch v. Streuter (Ill.) 75 N. E. 1049, it is said:

"Where a bill to reform and specifically enforce a contract alleges that the same arose from error or mistake in drawing a contract, and shows wherein the alleged mistake consisted, it is good against demurrer, although it does not specifically allege that the mistake was mutual."

Under these authorities, it was not necessary to allege that the mistake complained of was mutual.

These authorities also answer the proposition that the agreement leading up to the execution of the deed should have been pleaded.

It is not sought in this action to reform the agreement. The action is simply to correct a mistake of the draftsman in the description of the premises. Plaintiff alleges that he is the owner of the property in question; that he acquired title thereto from deceased; that he went into possession

of the premises under the deed, and was in peaceful possession thereof at the time of the institution of this action. The allegations of the petition are sufficient, and there was no error in overruling the demurrer thereto.

The next assignment is that the court erred in overruling defendants' demurrer to the evidence. In our opinion, this assignment is not well taken. The evidence establishes that most of the money for the purchase of the premises in question was furnished by plaintiff, but that title was carried in the name of deceased grantor; that this furnished the consideration for the execution of the deed. The evidence discloses that the draftsman of the deed was instructed to draw the deed by deceased; that she thereby intended to convey the lots in block 29 instead of block 45; that deceased owned no property in block 45; that the error in the description of the premises was an error of the draftsman. The notary public who drew the deed testified that the deed was not to be delivered to plaintiff until after the death of the grantor; that he was instructed to deposit the same in the First National Bank of Guthrie to be by said bank delivered to plaintiff upon the death of grantor, unless the grantor requested an earlier delivery; that the title was to pass immediately to plaintiff, but that possession only was to be postponed until after her death; that the deed was placed in an envelope and so deposited by him with instructions to the bank written on the back of the envelope to deliver the same to plaintiff upon the death of the grantee; that upon her death the deed was so delivered, and that he went into immediate possession of the premises.

The evidence further discloses that deceased promised plaintiff to execute the deed to him, and that prior to her death she informed him that she had done so. The mistake in drawing the deed is clearly shown. A sufficient consideration was clearly established. It is also established that the deed was executed in accordance with the promise made by deceased to plaintiff prior to her death. There is not the slightest intimation in the evidence of undue influence or mental incapacity on the part of the grantor. The argument advanced by defendants that plaintiff is barred by negligence and laches finds no support whatever in the evidence. There was sufficient delivery as is held by this court in the case of Shaffer v. Smith, 53 Okla. 352, 156 Pac. 1188. It is there said:

"Where the owner of land executes an instrument, attested as a deed, and in all respects in the form of a deed, and places it beyond recall in the hands of a third person, to be delivered to his daughters at his death, it should be treated by the court as a conveyance passing title in praesenti, with the right to possession postponed until the death of the grantor."

On this point, the evidence brings the instant case within the ruling announced in the above case. There was no error in overruling the demurrer thereto.

The assignment that the court erred in denying defendants a jury trial is without merit. The action is one in equity, and defendants were not entitled to a jury trial as a matter of right. Warner v. Coleman, 107 Okla. 299, 231 Pac. 1053; Moschos v. Bayless, 126 Okla. 25, 258 Pac. 263; Green v. Correll, 133 Okla. 94, 271 Pac. 241.

It is next assigned as error that the court permitted plaintiff, over objection of defendants, to testify as to certain conversations and transactions had by him with deceased. Some evidence of this character was drawn out by defendants on cross-examination, and, in several minor particulars, evidence of this kind was drawn out by plaintiff. No objection, however, was made as to the competency of the witness to testify. The objection was that the evidence was incompetent. This is not a proper method of raising this question. Hartzell v. Hartzell, 42 Okla. 390, 141 Pac. 772; Miller, Adm'r. v. Nanny, 91 Okla. 150, 216 Pac. 662; Nolan v. Mathis, 134 Okla. 79, 272 Pac. 868.

The record does disclose that when plaintiff was first placed upon the witness stand, and before testifying, defendants objected to his so doing on the ground that he was an incompetent witness under the statute. The court, in ruling upon this objection, stated that he might be incompetent to testify as to certain matters, but that it was necessary that proper objections be raised to the questions as propounded; that the court then would determine as to whether the witness was competent to testify relative to such matters. The record fails to disclose an objection to any question propounded that the witness was incompetent to testify under the statute. The only objection raised was that the evidence offered was incompetent, irrelevant and immaterial. Under the above authorities, the question of the competency of the witness to testify is not raised.

As before stated, it appears from the evidence that when the deed in question was delivered to the bank by the draftsman thereof, certain instructions relative to the delivery thereof were written on the back of the envelope containing the deed. Mr. Tip-

7000

ton, of the bank, was permitted to testify that he delivered the deed to plaintiff in accordance with these instructions. Defendants' objection to this evidence was that it was incompetent, and that the writing was the best evidence. There was no error in receiving this evidence. The witness did not purport to testify as to what the written instructions were. He testified that he did not then remember them, but stated that whatever they were he delivered the deed in accordance therewith. This evidence was certainly competent and properly admitted.

The assignment that the court erred in overruling defendants' motion to strike certain paragraphs of the petition of plaintiff is without merit. The motion was sustained in part and overruled in part. In fact, the greater portion of the motion was sustained. In our opinion, defendants were in no wise prejudiced by the ruling of the court in permitting certain paragraphs of the petition assailed by them to remain in the petition. In order to work a reversal on the overruling of a motion to strike, prejudice must be shown. A., T. & S. F. Ry. Co. v. Marks, 11 Okla. 82, 65 Pac. 996; C., R. I. & P. Ry. Co. v. Logan, Snow & Co., 23 Okla. 707, 15 Pac. 343.

Judgment should be affirmed.

BENNETT, TEEHEE, HALL, EAGLETON, and REID, Commissioners, concur.

By the Court: It is so ordered.