Robert L. EDENS and Ruth M. Edens, Plaintiffs in Error,

v.

Ernest C. MILLER, Defendant in Error.

No. 37622.

Supreme Court of Oklahoma.

July 2, 1957.

Rehearing Denied Sept. 10, 1957.

John R. Woodard, Tulsa, for plaintiffs in error.

Joe Francis, Tulsa, for defendant in error.

## PER CURIAM.

This action was commenced by defendant in error, plaintiff below, to recover from plaintiffs in error, defendants below, one-half of the cost of paving a street adjacent to Lots 1 and 2, Block 2, Edens' Resubdivision of Brockman's Addition, Tulsa, Oklahoma. The parties will be referred to hereinafter by their trial court designations.

The facts disclose that defendants were owners of property that prior to March, 1954, was generally described as Lots 7 & 8, Brockman's Subdivision, Tulsa, Oklahoma; that on March 9, 1954, they entered into a written contract with plaintiff for the sale of this property less a part of Lot 7, which they retained; that in addition to the agreement of sale of the described property for a stated consideration, the contract also contained the following paragraph:

"4. Special conditions: It is agreed that the buyer is to pay for all of the paving now under construction on 38th Street and on Madison Avenue. Second party further agrees to install sewer to serve all the lots at his own expense. First party agrees that he will pay his half of the paving on 38th Place for the 142.75 feet of frontage he is retaining on said 38th Place, the remaining portion of 38th Place to be paid for by a second party hereto."

That the contract of sale was closed, the consideration paid, and the deed delivered about March 31, 1954; that shortly thereafter, April 22, 1954, a plat of the property as Edens' Resubdivision was executed by plaintiff and defendants; that this plat contained a dedication and description of 38th Place Street between 38th and 39th streets; that the property retained by defendants abutted on 38th Place and was platted in this resubdivision as Lots 1 & 2, Block 2; that on May 20, 1954, the defendants conveyed these lots to a Mr. Martin; that the negotiations for the sale between plaintiff and defendants were conducted by a building company who was plaintiff's agent in the development of the property; that on October 15, 1954, a contract for paving 38th Place was let by the City of Tulsa, after competitive bidding, in accordance with a "non-assessment" paving district procedure which is a voluntary plan for property owners to pave streets under the City's specifications and supervision; that plaintiff paid the cost of this paving through his agent, the building company; that defendants have refused to pay that part of the cost allocated to the property retained by them but subsequently sold to Martin; that this allocation of cost was made by someone in the city engineer's office as an accommodation to the property owners; that defendants did not participate in the paving contract or the allocation of the paving cost to the various lots. The foregoing recitation is a sufficient statement of the pertinent evidence to proceed with a discussion of the points raised by the appeal. Any further particularization of evidence will be limited to that necessary to a disposition of specific points. At the conclusion of all the testimony both parties moved for a directed ver-

dict. The court sustained the motion of the plaintiff, directed a verdict, and rendered judgment in his favor.

■ Defendants' first proposition is that the court erred in failing to sustain the motion to strike certain allegations from the petition. We may concede that the petition contained certain irrelevant and objectionable allegations, but we do not see that the court's failure to strike these matters prejudiced the defendant. The court limited the evidence and the issues at the trial to the matters concerning the pleaded written contract. If the directed verdict was proper, we have not been shown in what manner the other allegations were prejudicial. Fibikowski v. Fibikowski, 190 Okl. 152, 121 P. 2d 304; Ambrose v. Province, 150 Okl. 120, 300 P. 758.

■■ The defendants also contend that the court erred in overruling their demurrer to the petition. The argument on this proposition is that the pleaded contract is lacking in mutuality and definiteness. But there is no lack of mutuality. Each party mutually agreed unequivocally to pay their respective portion of the cost of paving the street. The promises were specific as to the amount, i. e., one-half the cost, and as to the portion, i. e., that abutting on their property. There were no qualifications. A contract is not deprived of mutuality by reason of the fact that liability is contingent on the happening of a condition precedent, in this case the opening and paving of the street. Yeldell v. Bank of Elmer, 96 Okl. 184, 221 P. 422; Arkansas Valley T. & L. Co. v. Atchison, T. & S. F. Ry. Co., 49 Okl. 282, 151 P. 1028. Neither is the agreement too indefinite to be valid. The street was identified by the plat filed by the parties, and the law infers that the cost of paving is to be reasonable, Ferguson v. A. F. Stewart Const. Co., 115 Okl. 31, 241 P. 121; Steen v. Potts, 75 S.D. 184, 61 N.W.2d 825, and that performance is required within a reasonable time, Nelson v. Hamra, 127 Okl. 141, 259 P. 838. There is no fatal uncertainty about this agreement when viewed in the light of the circumstances under which it was executed. Webb v. Moran, 186 Okl. 140, 96 P.2d 308; Stallings v. McIntire, 198 Okl. 551, 179 P.2d 907.

■ As another assignment of error, the defendants contend that the written contract was merged in the subsequently executed deed. The theory of merger has no application to this transaction, however, for the reason that the deed was not in full execution of the contract. The agreement to pay for paving and to install sewers was a separate facet of the contract which envisioned the development of a new subdivision. The deed was merely a part performance of the entire contract. Banks v. City of Ardmore, 188 Okl. 611, 112 P. 2d 372; Rose v. Roberts, 195 Okl. 687, 161 P.2d 851; 26 C.J.S. Deeds § 91, p. 845.

■ It is also urged that the court erred in directing a verdict for the reason that the evidence does not support the reasonableness of the amount charged and sought to be recovered for the paving. As already noted, the evidence disclosed that the paving contract was let by competitive bidding to the contractor making the lowest and best bid. In addition, defendants' witness, an assistant city engineer, testified in relation to the charge allotted to defendants' property that "I would say it was the usual paving tax." Of course, this was a non-assessment project and the allocation of cost was made by someone in the city engineer's office as an accommodation to the owners, but there was no evidence offered to dispute the reasonableness of the cost allocation. This allocation is likewise sustained by the mathematical relation of contract cost to street-front-feet retained by defendants. Therefore, we are not impressed by the argument on this proposition. Where there is no conflict in the evidence offered to sustain the plaintiff's cause of action, and where no evidence is offered which reasonably tends to support the defense interposed by a defendant to an obligation created by a contract, the execution of which is admitted, this court will not reverse a judgment entered on an instructed

verdict. Burford v. Mitchell, 186 Okl. 465, 98 P.2d 1098.

Naturally, having concluded that the court was correct in directing a verdict for the plaintiff, we conclude that the contention that the court should have directed a verdict for the defendant is without merit. Likewise, the further allegation of irregularity in the reception of the directed verdict, if error, was harmless under these circumstances.

Judgment affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease, and approved by Commissioner J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.