## Bosse v. Bosse.

(Decided March 3, 1933.)

(Common Law and Equity Division).

12

ROBERT C. SIMMONS for appellant.

M. L. HARBESON for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

In the year 1920, Herman B. Bosse and his sons, Edmund Bosse and Bernard T. Bosse, purchased a milk business in Latonia, and did business under the firm name of H. B. Bosse & Sons. There is some evidence that Edmund Bosse was not a partner in the firm, but both the sons worked there. They had a small capital to make the purchase, and in the year 1921 the father took out a ten-year term policy of insurance upon his life in the Metropolitan Life Insurance Company without the right to change the beneficiary, and made his sons, Edmund and Bernard, the beneficiaries. The reason for taking out this policy was that the firm was operating with a debt of about $5,000, and the father wished to protect the firm in case of his death. The premiums on this policy were paid out of the firm assets. Thus things ran along until the year 1928 when the firm business was in better shape and the father concluded to change the policy to a straight life policy for $5,000, and to make his wife, Katherine M. Bosse, the beneficiary. To do this he conferred with Leo Flesch, the local agent of the insurance company, and on July 12, 1928, he signed an application for the new policy, designating his wife as the beneficiary. The application was sent on to the home office, and some doubt arose there as to his right to make the change he wanted, inasmuch as the old policy did not give him the right to change the beneficiary. The company then sent to the local agent an application dated August 1, 1928, which was the form for converting the old policy into a new one, used by the company, and this was silent as to the beneficiary. The paper was mailed to Flesch, who took it to Bosse, who signed it without any explanation being made to him as

to why this paper was required or any changes made. Flesch returned the paper to the company, and the company then mailed to its agent a new straight life policy dated July 5, 1928, such as Bosse had applied for originally, and attached to this policy was the original application making Katherine M. Bosse the beneficiary. Flesch delivered the policy to Bosse, telling him, in substance, that there was his policy, and nothing more. Bosse took the policy and put it in his safe without reading it, and that evening took it home to his wife and handed it to her, telling her there was her policy as he had promised her. She put it away without reading it. Bosse paid the premiums on this policy out of his individual means, and not out of the firm means, as he had paid the premiums on the former policy. Thus things ran along until after the death of Bosse when, for the first time, on reading it, it was discovered by the family that the beneficiaries named in the policy were Edmund and Bernard T. Bosse. Edmund Bosse signed and delivered to the insurance company a writing stating that he knew it was the intention of his father to have the policy made payable to his stepmother, and that the policy was issued as it was by mistake, and he therefore disclaimed any interest in the policy, and directed the company to pay the money to the widow, Katherine M. Bosse. Thereupon Katherine M. Bosse brought this action against the insurance company and Bernard T. Bosse, alleging the above facts, and praying that the policy be reformed and that it be adjudged that the names of Bernard T. Bosse and Edmund Bosse were written in the policy by mistake, and that she be adjudged the sole beneficiary. Bernrad T. Bosse filed an answer denying the allegations of the petition. The insurance company paid the $5,000 into court, and left the court to decide to whom the money belonged. The court on final hearing, after stating the facts, in its opinion said this:

"Much discussion of the right to reform a written contract by reason of mistake is made in the elaborate and able briefs filed herein, but as I look upon the question involved in this case, I do not regard that question one of importance, as the contracting parties are not making any question between themselves as to that right. The question herein is not in dispute between the contracting

parties as to the terms of the contract, but one as to whom the insured intended to make a gift by way of insuring his life for same. The insured in this case had a term policy which was made for the benefit of his two sons who were in business with him. That business was sold out in 1929. The insured undertook to make a change in his insurance and made application to the defendant, the insurance company, in which he held a policy for a new policy for $5,000, and designated plaintiff in said application for the beneficiary. Which application was sent to the company, but the policy was not issued as requested and another application for the insured to sign was sent to its agent in Covington. The insured signed this new application and the proof fails to show that he had any knowledge that the new policy would not be issued as requested in his first application, but the insurance company inserted the names of his two sons therein instead of plaintiff's and when the policy was delivered to him by the agent of the insurance company his attention was not then called to it and as shown by said agent insured placed said policy in his safe without reading. Numerous witnesses, including one of the beneficiaries named in the policy, and a defendant herein, testified as to statements of the insured after said policy was issued that he had taken out said policy for the benefit of the plaintiff. There is nothing in this case to indicate that insured ever intended that the policy should be issued to anyone else than plaintiff, except the policy itself, which was not issued as requested by insured, but by reason of some rule of the insurance company which it refuses to use as a defense in this case. The beneficiary named in said policy should not be permitted to take the advantage of the failure of the insurance company to issue the policy as directed by the insured. It is an effort upon his part to enforce a gift not intended by the donor for him. The same rule should prevail in this case as in a will to ascertain from all the evidence the intent of the testator.''

A large mass of evidence was taken showing that the father purposed to change the insurance and make his wife the beneficiary; also that after the new policy

was issued he accepted it supposing it was what he had applied for, and so paid himself the premiums on it, declaring to the members of the family and their friends that he had thus provided for his wife. This evidence stands uncontradicted, and is competent only as showing what his intentions were and why he did what he did do. He being dead, his intentions may be shown by his acts, and what he said at the time is equally competent. The declarations were all made about the time he gave the policy to the wife, and the evidence may be considered in determining whether a mistake was made, for it illustrates what was in his mind and what he intended by what he did.

No right of the insurance company is affected, for it paid the money into court and had no interest in the subsequent proceedings. The rule that a mistake that may be corrected between the parties to it must be mutual only applies to the parties affected thereby. A mistake need not be mutual when the other party is in nowise affected by its corrections.

Bernard T. Bosse has no rights here by reason of the old term policy, for all rights under that policy were lost when the subsequent premiums were not paid. He knew this and took no action, thus acquiescing in it. He knew that the premiums on the new policy were paid by the father and not by the firm. The father could have discontinued these payments on the second policy at any time and allowed this policy also to drop; but he kept them up in order to provide for his wife, and for no other purpose. His clear intentions should not be defeated by a mere mistake. Equity regards that as done which ought to be done, and will not suffer a wrong without a remedy. 21 C. J. pp. 198-200. The equitable remedy here is the correction of the mistake; for Bernard Bosse could not have required the father to keep up the second policy for his benefit, and the father in fact kept it up out of his own means for the benefit of his wife.

Judgment affirmed.