In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of ALLAN R. CAMPBELL and JAMES W. GOOD, as Executors, etc., of CAROLYN L. CASPER, Deceased.

ALLAN R. CAMPBELL, as Sole Surviving Executor, etc., of CAROLYN L. CASPER, Deceased, and WILLIAM F. CASPER, Appellants; LEONARD KEBLER, Respondent.*

Second Department, March 11, 1940.

* See 161 Misc. 461.

*Charles H. Kelby* [*Sidney R. Fleisher* with him on the brief], for the appellant Allan R. Campbell, as executor, etc.

*C. Joseph Danahy* [*James J. Delaney* with him on the brief], for the appellant William F. Casper.

*Clinton T. Taylor*, for the respondent.

HAGARTY, J. Carolyn L. Casper, a resident of Westchester county, died on the 7th day of December, 1933. Her will, admitted to probate, directs her executors to offer to one Leonard Kebler, the respondent here, an opportunity to purchase for cash her shares of stock of the Ward Leonard Electric Company at a price per share of " twelve and one-half percent " of average dividends paid on such shares during the three years preceding her death, or, if he be not then living, to the company itself. The appellants claim that a mistake was made in the wording of this provision of the will and that the intention of the testatrix was that the price be fixed at " twelve and one-half times " the average dividends. Thus the executors offered 960 shares of stock of the corporation to Mr. Kebler at a price of $59.375 per share, or a total of $57,000. The latter, in turn, demanded delivery of such stock at a price of $0.59375 per share, or a total of $570, on the theory, supported by the decree under review, that the provision was in the nature of a legacy, burdened with a condition.

Testatrix set up legacies and trusts totaling $361,000 in the first sixteen paragraphs of her will, reduced, however, at the time of her death to $309,000 as the result of lapsed legacies. In the seventeenth paragraph she directed that out of the residuary the sum of $100,000 be paid to her husband, the appellant William F. Casper, and that the balance be divided into two equal parts to be applied and distributed in accordance with previous dispositive provisions. If there be literal compliance with the formula as written in the will, it appears that but $326,000 will be realized in all, thus practically nullifying the intention of the testatrix with respect to distribution under the seventeenth paragraph. The direction to offer the stock to Mr. Kebler in accordance with the formula is part of the nineteenth paragraph of the will, having to do primarily with authorization of the executors to liquidate the assets " for the purpose of carrying out the provisions of this will, * * *."

The executors, in their petition for the settlement of their intermediate account, sought instructions as to their duty. At consequent hearings Allan R. Campbell, the lawyer who drew the will and who is now the sole surviving executor, testified, in effect, that testatrix told him that she wanted to afford Mr. Kebler the first opportunity to buy the closely-held Leonard stock, and instructed him to consult Mr. Kebler, the president of the corporation and a nephew of her first husband, H. Ward Leonard, and obtain from him a formula for the purpose of evaluating it in accordance with a method which Mr. Kebler himself was utilizing, and to incorporate that formula in the will. He further testified that he interviewed Mr. Kebler and informed him that Mrs. Casper wished to get the method that he was using to value the stock. This witness does not recall the precise language used by Mr. Kebler in informing him of the method. It appears, however, that a provision similar to that employed here, except that it was based upon the word " times " and not the words " per cent," was contained in a formula indorsed on all certificates of stock issued to employees of the corporation, and that Mr. Kebler himself adopted such a provision in his own will drawn at about the same time. Furthermore, Mr. Kebler testified that he had probably told testatrix that he had a formula in his will for determining the value of the stock in case the company wanted it.

Mr. Campbell, nevertheless, prepared a will containing the provision as it now reads with respect to " per cent " of the average dividends rather than " times " the dividends, and forwarded it to testatrix, who executed it in that form on the 18th day of April, 1928. There is no reasonable doubt that an error was committed by the draftsman of the will which remained undiscovered by the testatrix.

The testimony adduced was competent and material. It was error to strike it out and it will be deemed restored. It did not purport to alter a dispositive provision, as in *Matter of Watson* (262 N. Y. 284). The questioned provision followed the completion of the dispositive scheme of the will and, when read in the light of its setting and language, was simply an administrative direction, and did not create a legacy. The proof showed that such direction was founded on error, and that testatrix intended no more than that Mr. Kebler should be given a preferred opportunity to buy the stock (*Matter of Cory*, 177 App. Div. 871; *Matter of Altman*, 87 Misc. 255, 265) at a fair price.

It was within the inherent power of the court to relieve the executors of the duty of compliance with such a provision as that contained in this will where the best interests of the estate would

thereby be subserved. (*Mertz* v. *Guaranty Trust Co.*, 247 N. Y. 137; *Loftin* v. *Kenan*, 250 App. Div. 546; affd., 276 N. Y. 615; *Matter of Pulitzer*, 139 Misc. 575, 581; 140 id. 572; affd., 237 App. Div. 808.) This power should be exercised with caution. But it should be invoked when, as here, it develops that error, if confirmed, will result not only in the destruction of a substantial part of the testamentary provision for the disposition of the estate, but in the unjust enrichment of one claiming a benefaction unintended. (*Rosenblum* v. *Manufacturers Trust Co.*, 270 N. Y. 79.)

The decree should be reversed on the law and the facts, with separate bills of costs to the appellants, payable out of the estate, and the matter remitted to the Surrogate's Court of Westchester county for the making and entry of a decree in accordance with the foregoing views, which decree is to provide that the stock be offered to respondent at a price equivalent to twelve and one-half times the average dividends for three years preceding the death of testatrix, with allowance of appropriate time for acceptance or rejection of such offer. Counsel fee of $3,000, as provided in the decree in favor of respondent, is disallowed.

LAZANSKY, P. J., JOHNSTON, TAYLOR and CLOSE, JJ., concur.

Decree of the Surrogate's Court of Westchester county reversed on the law and the facts, with separate bills of costs to the appellants, payable out of the estate, and matter remitted to the Surrogate's Court for the making and entry of a decree in accordance with the opinion herein, which decree is to provide that the stock be offered to respondent at a price equivalent to twelve and one-half times the average dividends for three years preceding the death of testatrix, with allowance of appropriate time for acceptance or rejection of such offer. Counsel fee of $3,000, as provided in the decree in favor of respondent, is disallowed.

Settle order on notice.