**ARENS v. ARENS.**

No. 7009.

District Court, E. D. Pennsylvania.

July 31, 1947.

---

Cummings, Steward & Palmer, of Philadelphia, Pa., for plaintiff.

Wynne James, Jr., of Doylestown, Pa., for defendant.

HALL, District Judge.

On May 5, 1935, Robert Arens, now deceased, married Marie L. Arens, the interpleading plaintiff.

On May 30, 1942, a daughter was born to them.

On January 31, 1939, the deceased executed a written application for life insurance to the Connecticut General Life Insurance Company at Hartford, Connecticut for $5,000 designating as beneficiary, "Marie L. Arens, Wife", which policy was, on February 3, 1939, executed and thereafter delivered in New York and the first premium paid. Deceased paid all premiums at all times from then until his death. It is the proceeds of this policy now on deposit in this court with which this litigation is concerned.

On December 10, 1945, the above-named entered into a property settlement agreement in New York. It made no reference to the insurance policy.

On January 24, 1946, Marie Arens obtained a decree of absolute divorce from the deceased in the state of Nevada. The decree awarded the custody of the child to Marie Arens. It made no mention of the property agreement, or property rights, or of the insurance policy.

On March 1, 1946, the deceased married plaintiff's sister Elsa, (the defendant here, and executor of deceased's estate) and moved to Bucks County, Pennsylvania, where deceased died and where his estate is now in probate.

On July 5, 1946, the deceased filed with the life insurance company a "request for change of beneficiary" to "Marie L. Arens —former wife".

On July 16, 1946, the insurance company recorded this change of beneficiary in accordance with the terms of the policy.

On August 31, 1946, the said Robert Arens died.

All of the foregoing facts are admitted by both parties.

The defendant contends however, that at the time of the execution of the so-called "change of beneficiary", he was laboring under the idea that when he died, his estate would be under no obligation to continue payments to his former wife, the plaintiff here, under or by virtue of the terms of the settlement agreement between them of December 10, 1945, and that such idea on the part of the deceased, constitutes a mistake which entitles defendant to a reformation of the insurance contract so that the estate of the deceased will be the beneficiary. The plaintiff, Marie Arens, is making claim for payments under said contract from the estate and the defendant is contesting such claim in the Pennsylvania State Courts. The defendant asserts that if plaintiff here does not prevail in such contest, she "will permit" the proceeds of the insurance policy to go to the plaintiff here.

The question on this motion for a summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is whether or not the alleged "mistake" of the deceased constitutes a "material" fact, and if so, then whether or not there is a "genuine issue" as to such mistake.

Even if the deceased believed, at the time of the so-called request for change

of beneficiary, that payments to his wife under the separation agreement would cease at his death, I cannot see how such belief, under the authorities relied on by defendant, would be a material fact which would require reformation of the insurance contract.

The "mistake", if any, must have been in connection with the so-called "change" of beneficiary. It is so asserted by the defendant. There is no mistake asserted as to the original policy, or the designation therein of the plaintiff herein as beneficiary.

Bosse v. Bosse, 1933, 248 Ky. 11, 57 S.W. 2d 995, relied on by the defendant is authority for the proposition, that, in a case where the insurance company deposits the proceeds of a policy in court, and a contest arises as between contending beneficiaries, a mistake need not be mutual so far as the insurance company is concerned, as the insurance company can in no wise be affected by the change or correction of beneficiaries.

But that case, and Merriam v. National Life, etc., 1935, 169 Tenn. 291, 86 S.W. 566, also relied on by the defendant, as well as the other cases of a similar nature I have examined, hold that there must be a mistake by the issuance of a policy for a beneficiary other than the one intended by the insured, and that such intention must be expresssed to the insurance company. In the Bosse case, the insured signed a writing directed to the insurance company changing the beneficiary from his sons to his wife, and the insurance company, without any communication to him, did not follow his written instruction, but issued the new policy naming his sons beneficiaries. In the Merriam case, the written request of the insured was likewise disregarded by the insurance company. In Schongalla v. Hickey, 2 Cir., 1945, 149 F.2d 687, the intention of the insured was likewise communicated to the company. There, a general plan of an insurance trust fund was being created by the insured. The two policies in question, at the suggestion of the insurance agent, were made payable to the estate of the insured. Immediately thereafter the insured and the insurer engaged in negotiations to conform the policy to the trust plans and original intentions of the insured, as expressed to the agent, and entered into a written agreement changing the beneficiary to conform thereto as a rider to the policy, bearing the same date as the policy.

None of these elements exist in the present case and none of them are alleged to exist. No mistake is alleged to have existed in the application or any of the communications from the insured to the insurance company. The original policy issued by the company named the beneficiary identically as designated by the insured. No mistake is asserted as to the identity of the beneficiary therein designated, or her then status. The so-called "Request for Change of Beneficiary" was accepted by the insurance company in the identical form requested by the insured. No mistake is asserted to have been made in said "Request" by the insured as to the person designated, viz., Marie L. Arens; and no mistake is asserted to have been made in his designation of Marie L. Arens as his "former wife". Her identity was and is undisputed and her status at that time as his "former wife" is undisputed. There is nothing in the pleadings, or affidavits on file, or in the statements of counsel (Rule 56) which would indicate, or suggest or even intimate, that at any time there was ever any oral or written statement to the insurance company by the insured or anyone on his behalf that he intended or expected, or even hoped to have his estate designated as beneficiary, either contingently or otherwise, or indeed to have any other than Marie L. Arens, the identical person designated in the original policy, receive the proceeds as beneficiary.

It is concluded on this point, that, even if the deceased were under a mistaken belief as to plaintiff's rights under the separation agreement, such a mistaken belief is not a material fact, which could affect the issues in this case.

■ But there is another reason why the defendant cannot prevail. The foregoing discussion has proceeded on the assumption that the document executed by the deceased on July 5, 1946 was actually a change of beneficiary. But the beneficiary

was not changed; the so-called "Request for Change of Beneficiary" designated Marie L. Arens—the identical person named in the original policy; the change was in the description of her status, from "wife" which she was when the policy was first executed, to "former wife" which she was on July 5, 1946. It needs no authority to support the proposition that a mere change in description or status, or attributes of a person is not a change in designation of that identical person. And that is all that occurred here.

Instead of indicating any mistake in the mind of the deceased, all of the facts here present, taken in their surroundings and in the light of the previous conduct of the parties and the existence of a minor child, which are undisputed, indicate that the deceased desired to eliminate any possibility of claim that the beneficiary was his then wife, and insuring that there could be no mistake that the beneficiary was then his former wife.

There having been no change of beneficiary, it is not a material fact as to what was in the mind of the decedent on July 5, 1946, when he did no more than to accurately describe the status of the same person who had been the beneficiary since the time the policy was taken out in 1939. And there is no assertion of "mistake" by the decedent on that occasion.

It must be observed that there are no charges of fraud, coercion, or undue influence against either the plaintiff or the insurance company, nor any act on the part of the plaintiff, the insurance company, or any one else, which induced the deceased to make the writing to the insurance company on July 5, 1946.

It should also be observed that what the defendant is really seeking here is not the reformation of the insurance policy, or the "Request" of July 5, 1946, but a reformation of the settlement agreement of December 10, 1945, between the plaintiff and the deceased, and that the terms of that contract or the intentions of the parties thereto, are admittedly not before this Court for adjudication, but before the Pennsylvania State Courts, in a proceeding which is adversary, not only to this plaintiff, but to the minor child above mentioned and to others, none of whom are before this Court in this case. If this were not otherwise plain, it is made so by the statements of the defendant in affidavits, one of which is to the effect that if the defendant prevails over the plaintiff in the litigation in the State Court on the settlement agreement, she "will permit" the proceeds of the insurance policy to go to the plaintiff, which in itself is some evidence that there was no mistake in the mind of the deceased, but that it is an afterthought of the defendant.

The motion for summary judgment on the part of the plaintiff is granted. This memorandum will serve as findings of fact and conclusions of law, and plaintiff's counsel will prepare judgment accordingly.