234 F.2d 213
 Woodrow FLOURNOY, Administrator of the Estate of Pearl
Evelyn Howgley, Deceased, Appellant,
v.
J. M. HEWGLEY, Jr., Mary Elizabeth Babcock, and Margaret
Corbett Singleterry, Appellees.
 No. 5253.
 United States Court of Appeals Tenth Circuit.
 June 1, 1956.
 
 1
 Harley W. Van Cleave and Raymond B. Thomas, Tulsa, Okl., for appellant.
 
 
 2
 John M. Gephart, Wagoner, Okl., and Julian B. Fite, Muskogee, Okl., for appellees.
 
 
 3
 Before MURRAH and PICKETT, Circuit Judges, and HILL, District Judge.
 
 
 4
 HILL, District Judge.
 
 
 5
 This action was originally brought by Penn Mutual Life Insurance Company, as an interpleader action, to determine which of several claimants are entitled to receive the proceeds of two life policies. It is a diversity case.
 
 
 6
 Some years ago one James M. Hewgley contracted with the insurer for these two policies and reserved the right to change the beneficiary designation. Thereafter, and in 1953, the insured changed the beneficiary designation on both policies to provide for the payment of the proceeds, in event of maturity as a death benefit, in installments for life, to insured's then wife, Margaret C. Hewgley, and if she be not living, then to insured's children, or upon the death of Margaret, while she was still receiving installments, the remaining installments to be paid in equal shares to insured's children.[1] Insured's wife, Margaret, died shortly after the exceution of this instrument, and subsequently Pearl Evelyn Hewgley, became the wife of insured.
 
 
 7
 On January 18, 1955, the insured signed a blank form of change of beneficiary and instructed the insurance agent, one Connery, to fill in the blank parts of the form. Connery did fill in the blank spaces, but not in accordance with the directions of the insured, and sent the instruction to the insurer's office, where it was entered upon the records of the company.[2]
 
 
 8
 On January 27, 1955, the insured learned from Connery, that the change of beneficiary had not been made in accordance with his directions. Arrangements were made at that time for them to meet on a subsequent date to correct the erroneous change of beneficiary. Before that date arrived, and on January 29, 1955, insured and his wife Pearl were injured in an auto accident, both dying as a result thereof. The death of the insured occurred a few hours prior to that of his wife.
 
 
 9
 Trial was had to the Court and the only evidence presented was the deposition of the agent, Connery. The trial Court held, that the attempted change of beneficiary on January 18, 1955, was a nullity for the reason the same was completed, in form, by the agent, in a manner contrary to the instructions of the insured, and that the 1953 designation of beneficiary remained in full force and effect.
 
 
 10
 The appellant here is the administrator of the estate of Pearl Evelyn Hewgley, deceased, and appellees are children of the insured by his first marriage.
 
 
 11
 The appellant makes three broad contentions; 1), the Court erred in holding invalid the January 18th change of beneficiary; 2), the Court erred in not specifying what portions of the Connery deposition he held to be inadmissible as hearsay, and; 3), the Findings of Fact are not sustained by the evidence.
 
 
 12
 It is not necessary to discuss each of these contentions separately, but a determination of whether the Findings of Fact are supported by competent evidence and whether the principles of law relied upon by the trial Court are correct will decide the case.
 
 
 13
 The testimony of the agent, Connery, by deposition, was the only evidence introduced in the case. Parts of it are vague and uncertain, but in at least three places he testified definitely, in substance, that the insured told him he wanted his then wife to have the insurance proceeds for her lifetime. At another place in the deposition the agent testified the insured told him that 'he did not want any of his life insurance proceeds going into Mrs. Hewgley's estate; that he wanted the proceeds or balance of unpaid proceeds to be divided equally among his three children.' Appellant questions the competency of statements made by the insured to Connery on the ground of hearsay. Under the issues in the case the statements cannot be said to be hearsay. They are clearly admissible to determine the intent of the insured at the time he signed the blank instrument.'[3] Such statements are also admissible in this case to show the extent of the authority of Connery in effectuating the purported change of beneficiary.[4] Therefore, there is ample competent evidence in the record to support the Findings of Fact made by the trial Court.
 
 
 14
 We now turn to the principles of law applied. Under the facts Connery was actually a mere scrivener and as such had no authority to do anything other than as directed by the insured. Under the law of Oklahoma it is not necessary that the mistake of a scrivener be mutual in order to afford a remedy.[5] The purported designation of beneficiary is a nullity as a mistake of the scrivener, even though it appears to be a deliberate one.
 
 
 15
 Appellant also contends that the insured, after learning of the incorrect change of beneficiary, did nothing in law to change or correct it. Before it can be held that the insured ratified the unauthorized act of Connery, we must be able to say that he had an intention, either express or implied, to ratify.[6] It certainly cannot be said that the insured had an intention to ratify in view of his instruction to Connery to return on a day certain to correct the erroneous designation of beneficiary.
 
 
 16
 Appellant finally contends that the form used in making the purported change of beneficiary in and of itself contained sufficient notice of its intended use to indicate that the insured actually intended to change the beneficiary in accordance with that form but later changed his mind. This contention is made because the form contains several printed statements to be used only for lump sum settlement options. Such argument is only an evidentiary one and was undoubtedly considered by the trial Court. It is insufficient of itself as against the findings of the trial Court to upset those findings.
 
 
 17
 Judgment is affirmed.
 
 
 
 [1]
 'Notice is hereby given to The Penn Mutual Life Insurance Company, of Philadelphia, that I hereby change the beneficiary under Policies Nos. 1486694-1529769-1545722 in said Company on the life of myself (James M. Hewgley the 'insured', and make said Policies payable as hereinafter provided:
 '1. If said Policies mature as a death claim the combined net proceeds (hereinafter termed 'net proceeds') shall be paid to my wife, Margaret C. Hewgley (born August 29, 1892), if living, under Option 'B' in two hundred forty (240) equal monthly instalments certain and as long thereafter as she may live.
 '2. If at said maturity said wife be not living the net proceeds shall be paid under Option 'A' in two hundred forty (240) equal monthly instalments certain; the said instalments certain to be paid in equal shares to such of my children by said wife (not including issue of any deceased children) as may be living as each instalment certain falls due.
 '3. Upon the death of said wife while receiving instalments certain, any unpaid instalments certain shall be paid in equal shares to such of said children as may be living as each instalment falls due.
 '4. If at said maturity said wife be not living and there be no living children of mine by said wife or upon the death of the last survivor of said wife and said children while receiving instalments certain, the net proceeds of the commuted value of any unpaid instalments certain shall be paid to my executors, administrators or assigns.'
 
 
 [2]
 'Policy No. 1 529 769 & 1 801 766
 The Penn Mutual Life Insurance Company
 Life of James M. Hewgley
 'The proceeds of each policy numbered above payable upon death of the Insured shall be paid, by a one sum payment, as follows, subject to the General Provisions:
 'See reverse for provisions which may be inserted here.
 'Payment shall be made to Pearl C. Hewgley,* wife of the Insured, if she survives the Insured, otherwise in equal shares to such of James M. Hewgley, Jr., Margaret Corbett Singleterry and Mary Elizabeth Babcock, children of the Insured, who survive the Insured.
 'Any amount which is not distributed by application of the above direction shall be paid to the executors or administrators of the Insured.'
 This appeared 'Pearl C. Hewgley' in the record and was treated throughout by the parties as meaning the deceased wife of the insured, Pearl Evelyn Hewgley.
 
 
 [3]
 20 Am.Jur. § 585
 
 
 [4]
 Powerine Co. v. Grimm Stamp & Badge Co., 127 Neb. 165, 254 N.W. 722; Patterson Stocking, Inc., v. Dunn Bros. Storage Warehouses, 201 Minn. 308, 276 N.W. 737; Wigmore on Evidence, Third Edition, §§ 1766, 1770 and 1777; 3 C.J.S., Agency, § 324; 2 C.J., Agency, § 690; Cf. Beebe v. Kleidon, 242 Minn. 521, 65 N.W.2d 614; In re Casper's Estate, 259 App.Div. 56, 18 N.Y.S.2d 82; Bosse v. Bosse, 248 Ky. 11, 57 S.W.2d 995
 
 
 [5]
 Reed v. Reed, Okl., 287 P.2d 889; Fabbro v. Reese, 206 Okl. 655, 246 P.2d 324; Ambrose v. Province, 150 Okl. 120, 300 P. 758; See also Home Undertakers v. Bristow Building & Loan Ass'n, 171 Okl. 208, 42 P.2d 259
 
 
 [6]
 2 C.J.S., Agency, § 44a, p. 1088